Wilma Charlene CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42407.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

 

Appellant stepped on her front porch and said she was the one that did it. He asked appellant why she had shot the deceased and she said she had shot her because she wouldn't get out of her front yard.

Appellant had a pistol in her right hand and Officer Holland asked her to drop the pistol and appellant replied "No, I won't drop it, I'll give it to you," and she did.

Appellant testified in part that the deceased "was standing there with both hands in her pockets and then took her left hand out and went in her bosom and came toward me. That's when I fired the shot * * * because I didn't know what she had in her bosom * * * and testified:

"A. I was in fear of my own life. I didn't know what she *might* would do to me, I didn't know what she had in her bosom, or in her pocket, I couldn't determine that.

\* \* \* \* \* \*

"Q. Now, please state whether she was actually shot in your yard?

"A. Yes, sir, she was.

"Q. How far from you was she when you fired the shot and she, I believe you testified, she was still in motion, is that right?

"A. She was about eight feet, I guess.

"Q. From you?

"A. (Witness nods head.)

"Q. Did you believe sincerely and honestly that your life was in danger?

"A. Yes, sir, I did."

Appellant's court appointed counsel on appeal, in his brief filed in the trial court, sets out four grounds of error.

■ Appellant's first ground of error is that she was denied effective assistance of counsel at the trial. We have examined the arguments advanced in support of this contention and are unable to agree that they

Marks, Time & Aranson, by Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., and Frank Watts, Douglas Mulder, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder with malice; the punishment, life. The state did not seek the death penalty.

Trial was before a jury. A plea of not guilty was entered and an application for probation was filed.

The sufficiency of the evidence to sustain the conviction is not questioned.

The undisputed evidence shows that appellant killed the deceased by shooting her with a pistol, three shots having been fired. Appellant's testimony raised the issue of self-defense. The state offered testimony that the deceased was unarmed when she was shot and that she had some change in one hand and a sandwich in the other. The fatal bullet entered the left chest and another the left leg of the deceased.

Police Officer J. L. Holland testified that he responded to a report that there was a female in the street at the location and went to the 1700 block of Third Avenue where he found a colored woman (later identified as the deceased Gloria Lynn) lying on her back in the street. He was unable to tell whether she was dead. He determined that she had been shot and made inquiry as to who had done the shooting.

support the ground of error. We find the language used in Morgan v. State, Tex.Cr. App., 403 S.W.2d 150, to be appropriate. In Morgan, this court, quoting from the 5th Circuit Court in Williams v. Beto, 354 F. 2d 698, said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

▪ The second ground of error complains that oral statements of an incriminating nature were made by appellant at the time of her arrest and were improperly admitted into evidence.

This complaint relates to the testimony of Officer Holland that appellant said that she shot the deceased because she wouldn't get out of her front yard.

Voir dire examination by appellant's counsel elicited testimony from Officer Holland that appellant was not under arrest at the time the statement was made.

The testimony was also admissible under the so called res gestae rule as part of the transaction. See Mitchell v. State, 156 Tex. Cr.R. 128, 239 S.W.2d 384; Smith v. State, Tex.Cr.App., 397 S.W.2d 70, cert. denied, 384 U.S. 1024, 86 S.Ct. 1965, 16 L.Ed.2d 1028.

Ground of error No. 2 is overruled.

▪ The third ground of error contends "The prosecutor's intentional and unwarranted reference to appellant's unrelated crime constituted prejudicial error."

This ground of error relates to cross-examination of appellant wherein she was asked: "Do you think you have a right to carry that gun," * * * "Didn't have a

legal right, you knew that" and "I take it then you knew you were breaking the law."

Appellant had testified that she had the pistol "in my bosom" that night. Asked how long she had it there she replied "Oh, I had been to the store earlier, I'd say about an hour or so, and I live in a very dangerous neighborhood, so I took the gun with me for protection to the store."

"Q. Well, when you came back from the store, did you go back there and put your gun away?

"A. No, sir, I forgot I even had it."

The foregoing testimony having been admitted without objection, the questions complained of were asked and appellant answered that she knew she didn't have a legal right to carry the pistol and knew that she was breaking the law in carrying it to the store; all of this without objection.

The ground of error is without merit and is overruled.

▪ The remaining ground of error complains that the prosecutor's side bar remarks constituted prejudicial error.

This ground of error relates to a reference to appellant as "a gun carrier," and to cross-examination of appellant wherein she was asked: "She died in the gutter at your hand?" and the following:

"Q. The main reason you shot her was she wouldn't get out of the yard, isn't that right?

"A. No, sir. That's not why I shot her.

"Q. That's not why?

"A. No, sir. If she hadn't went in her bosom and came toward me, I wouldn't have shot her.

"Q. Wouldn't a sandwich in your hand kind of slow your progress down in getting a gun out of your bosom?

"A. I didn't have a sandwich in my hand.

"Q. No, I'm sure you didn't. You got that gun pretty fast. I'm talking about her. We know she had a sandwich in one hand and money in the other hand.

"A. I don't know about that.

"Q. You heard what the evidence was. You been here.

"A. I heard it all, but I still didn't know about a sandwich or money.

"Q. If you had known about the sandwich beforehand, you probably wouldn't have framed your story like you did.

"A. I haven't framed the story.

"MR. MASON: If the Court please—

"MR. WATTS: This is cross examination.

"MR. MASON: My objection is that he used language to the client that did not go into the record. 'You wouldn't have framed your story like you did.'

"MR. WATTS: I think what I said is in the record.

"THE COURT: I'll overrule your objection. This is cross examination."

Assuming that the complaints are properly before us, the errors if any are not such as would warrant reversal or require that a mistrial be declared, had a motion therefor been made.

The judgment is affirmed.