**Hilda Jackson PARKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43711.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 14, 1971.

Everett Lord, Walter M. Sekaly, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder without malice, the punishment, five (5) years.

Appellant's sole ground of error is that the Court erred in not granting a new trial. She is currently represented by retained counsel. At trial she was represented also by a retained counsel who testified that he thought that the appellant was of unsound mind but did not raise the question during the trial because he was convinced that she would be acquitted on the grounds of self-defense. The only witness at such hearing

testified that she acted like a "kid" and "felt like her understanding is real bad," but "I didn't say she was insane."

 Trial counsel testified at the hearing on the motion that he made no effort to locate a witness named Doodie. Doodie was found by present counsel and testified at the hearing on the motion. We fail to find anything in his testimony that would support appellant's defense of self-defense or of accident. Appellant's trial counsel conducted a vigorous defense, filed an application for probation, requested additions to the court's charge, made a motion for instructed verdict, argued for acquittal and, after conviction, argued for probation. Cf. United States v. Marine, 7 Cir., 413 F.2d 214.

As was said in United States v. Sinclair, 438 F.2d 50 (5th Cir., 1971):

"We respect the candor, zeal, and dedication to his client exhibited in his willingness to take the blame for his client's conviction. We have, however, studied the record carefully, especially in view of the post-trial affidavits, and we must hold that the defendant was not denied effective trial counsel."

From the entire record we have concluded that the trial court did not abuse his discretion in declining to grant the motion for new trial. Carter v. State, Tex.Cr.App., 449 S.W.2d 70; Johnson v. State, Tex.Cr.App., 426 S.W.2d 874; Garcia v. State, Tex.Cr.App., 436 S.W.2d 911; and Howard v. Beto, 5 Cir., 375 F.2d 441.

It is apparent from the trial counsel's testimony that he had difficulty communicating with appellant and that he had some doubts that she was sane. Apparently, however, he felt that appellant had a good defense and, therefore, he elected not to raise the issue of insanity. If appellant is presently insane, she has a remedy under art. 46.02, Sec. 4, Vernon's Ann. C.C.P. which provides for a sanity hearing after conviction.

Finding no reversible error, the judgment is affirmed.