**Hector F. MERCADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60368.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 6, 1981.

Alan Brown, San Antonio, for appellant.

Bill M. White, Dist. Atty., C. Michael Schill, Susan D. Reed and Anton Paul Hajek, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for delivery of heroin for which the jury affixed a punishment of seventeen (17) years' imprisonment.

On appeal appellant raises ˌ the sole ground of error that the trial court erred in overruling his first amended motion for new trial because the appellant did not have the effective assistance of counsel, although retained, at the trial of his case on the merits. This contention is based on the fact that counsel did not file a motion for probation or inform the appellant that such a motion could be filed. The trial on a plea of not guilty was before a jury.

Represented by different counsel at the hearing on the amended motion for new trial, appellant testified that his retained attorney on the charge of sale of heroin to an undercover officer had never told him he was qualified for probation and did not file a motion for probation. Appellant also called two experienced criminal defense attorneys. One, who had practiced law for 38 years, testified that in all cases where applicable he would always file a motion for probation as it would be in the best interest of his client. The other attorney testified that whether he filed a motion for proba-

tion or not he always informed his client of his right to file such motion; that he would always file such motion unless the client, against his (attorney's) advice, insisted that it not be filed. He admitted he had heard lawyers argue that the filing of a motion for probation would indicate to a jury some acknowledgement of guilt on the part of a defendant and the lawyers had expressed their concern about the matter.

Appellant's trial counsel testified he had been licensed to practice law in Texas since 1973 and was also licensed to practice in the United States Supreme Court. He admitted he did not discuss probation with his client and did not file a probation motion. He explained this as a matter of his trial strategy. He expected the appellant to testify that he was in the military service and became addicted to heroin in Vietnam but that he was not guilty of the offense charged. It is noted the court charged on the defense of alibi. The attorney explained that in view of the not guilty plea the filing of the motion for probation would be like telling the jury "you can be just a little bit pregnant."

In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court wrote:

"A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel ... Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

The Sixth Amendment of the United States Constitution is applicable to the stat-utes by virtue of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

■ In *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), this court, relying on *Cuyler v. Sullivan*, supra, held that the effectiveness of both appointed and retained counsel are now to be judged by a single standard under the Sixth Amendment which is that of the "reasonably effective assistance of counsel," formerly applied only to appointed counsel cases. The "breach of a legal duty standard," formerly applied in retained counsel cases,[1] is gone with the wind.[2]

The "reasonably effective assistance" standard came from *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), cert. den., 368 U.S. 887, 82 S.Ct. 121, 7 L.Ed.2d 78. In *MacKenna*, the court said:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." See also *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974).

This court has previously applied this standard in appointed counsel cases. See *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974), and cases there cited. See also *Harrison v. State*, 552 S.W.2d 151, 152 (Tex.Cr.App.1977).

■ In determining whether an accused has been denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, the particular circumstances of each individual case must be considered. *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1939); *Ex parte Gallegos*,

---

1. *Steel v. State*, 453 S.W.2d 486, 488 (Tex.Cr.App.1970); *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975); *Ex parte Hill*, 528 S.W.2d 259 (Tex.Cr.App.1975); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976); *Pete v. State*, 533 S.W.2d 808 (Tex.Cr.App.1976); *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977); *Earvin v. State*, 582 S.W.2d 794, 799 (Tex.Cr.App.1979).

2. *Hurley v. State*, 606 S.W.2d 887 (Tex.Cr.App.1980).

supra; *Ex parte Prior*, 540 S.W.2d 723, 726 (Tex.Cr.App.1976).

 The adequacy of an attorney's services must be gauged by the totality of the representation. *Ex parte Prior*, supra; *Williams v. State*, 513 S.W.2d 54 (Tex.Cr. App.1974); *Satillan v. State*, 470 S.W.2d 677 (Tex.Cr.App.1971). The allegations of ineffective representation will be sustained only if they are firmly founded. *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974); *Long v. State*, 502 S.W.2d 139 (Tex.Cr.App.1973).

 The constitutional right to counsel, whether counsel is appointed or retained, does not mean errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight. *Ex parte Prior*, supra; *Byrd v. State*, 421 S.W.2d 915 (Tex.Cr.App.1967); *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974); *Pete v. State*, 501 S.W.2d 683 (Tex.Cr.App.1973).

In *Witt v. State*, 475 S.W.2d 259 (Tex.Cr. App.1971), this court quoted from *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965): "As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

In *Prior v. State*, supra, at p. 727, this court wrote:

"An attorney must appraise a case and do the best he can with the facts and the fact that other counsel might have tried the case differently does not show inadequate representation. See *Rockwood v. State*, 524 S.W.2d 292 (Tex.Cr.App.1975); *Witt v. State*, 475 S.W.2d 259 (Tex.Cr. App.1971); *Carter v. State*, 449 S.W.2d 70 (Tex.Cr.App.1969). See also *United States v. Rodriquez*, 498 F.2d 302 (5th Cir. 1974)."

 In the instant case appellant's only complaint as to his counsel's representation is that counsel had never told him he was qualified for probation and did not file a motion for probation. Counsel explained his trial strategy in the matter based upon the circumstances of the case. Since the case was tried before a jury, the appellant would not be eligible for probation unless he had never been convicted of a felony in this or any other state. Article 42.12, § 3a, V.A.C.C.P. We have not had our attention directed to any sworn evidence establishing that appellant was eligible for probation nor have we been able to find any such evidence in the record. Further, under the penalty assessed by the jury under the facts of the case, the jury would not have reached the consideration of any motion for probation, even if one had been filed.

Under the particular facts of the instant case, we reject appellant's claim of ineffective assistance of counsel. The court did not err in overruling the amended motion for new trial.

The judgment is affirmed.