Lawrence LASALLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–448–CR.

Court of Appeals of Texas, Corpus Christi.

May 11, 1989.

Lawrence Coffey, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, NYE and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

A trial court convicted appellant, Lawrence LaSalle, of robbery, enhanced, and sentenced him to 15 years in the Texas Department of Corrections. Appellant brings two points of error before this Court: (1) The trial court erred in allowing the state to use his post-arrest silence to impeach his testimony; and (2) he was denied effective assistance of counsel. We affirm the judgment of the trial court.

Appellant was accused of robbing an elderly woman by grabbing her from her car, dragging her onto a docked shrimpboat, taking her wallet and threatening to throw her into the water if she did not cooperate. The victim testified that she feared for her life because she could not swim. The victim's testimony evidences some confusion about the details of the evening, but she testified that she did clearly remember appellant grabbing her, dragging her onto the boat, taking her wallet, and threatening her with drowning.

Appellant's testimony differs greatly. He contended that there was no robbery, that she accompanied him willingly to the boat to "sit and have a drink," and that he neither threatened her nor took her wallet.

After appellant testified, the state's attorney cross-examined appellant. The following exchange took place:

Q. Okay. Do you remember being contacted by Sergeant Shaw, a woman police officer, after your arrest?

Mr. Gutierrez: Object to that, Your Honor.

The Court: Please stand when you make your objections, Mr. Gutierrez.

Mr. Gutierrez: Your Honor, I object to that. He's got a right, at that time, not to make any statements to a police officer, and such invocation is a Fifth Amendment right, not to be used against him in court and cannot even be inquired into.

Ms. Rhodes: Your Honor, he's testifying now.

Mr. Gutierrez: Still cannot—

Ms. Rhodes: And I believe that the State has a right to inquire as to why he's now presented this story.

The Court: I'm going to sustain that objection, Ms. Rhodes.

Q. (By Ms. Rhodes) Mr. La Salle, have you ever told this story before to anyone, other than your attorney?

A. No.

Q. It's just now that you are coming forward with this story; is that correct?

A. Yes.

■ By his first point of error, appellant asserts that the trial court committed reversible error by allowing the State to impeach him with his post-arrest silence in violation of his right to be free from self-incrimination.

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that post-arrest post-Miranda silence could not be used to impeach a defendant in a criminal case because (1) his silence could reflect merely the exercise of his Fifth Amendment rights and (2) *Miranda* warnings contain the implicit assurance that an arrestee's silence will not be used against him in violation of due process. The Doyle Court left use of post-arrest pre-*Miranda* silence to the state courts to decide.

In *Sanchez v. State*, 707 S.W.2d 575 (Tex.Crim.App.1986), the Texas Court of Criminal Appeals, after lengthy discussion, held that a defendant may not be impeached through the use of post-arrest pre-*Miranda* silence because such impeachment violates his right to be free from compelled self-incrimination and because such impeachment is improper from an evidentiary standpoint. *Id.* at 582.

It is clear then that the State's impeachment of appellant using his post-arrest silence was improper; however, the State argues that no objection was made so no error was preserved for review or, alternatively, such error was harmless. The record reflects that defense counsel did object to the State's line of questioning, which objection was sustained by the trial court; the State, however, in contravention of the court's ruling continued to question appellant about his post-arrest silence. Defense counsel made no further objection. Error related to examination of witnesses is not preserved for appellate review absent timely objection. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex. Crim.App.1978). Moreover, when reviewing a trial to the court, appellate courts will presume the trial court disregarded all improper evidence when rendering judgment so that error is rendered harmless. *Ozack v. State*, 646 S.W.2d 941, 943 (Tex.Crim. App.1983); *Jimenez v. State*, 739 S.W.2d 499 (Tex.App.—Corpus Christi 1987, pet. ref'd). There is nothing in the record to rebut this presumption. We overrule appellant's first point of error.

■ By his second point of error, appellant argues that he received ineffective assistance of counsel because trial counsel (1) failed to ask the arresting officer about his offense report; (2) failed to impeach the victim's testimony that appellant took her money; (3) failed to call the follow-up investigator to testify to the victim's confusion on the night in question; (4) failed to challenge the victim's competency; and (5) failed to offer evidence that appellant had only 45 cents on him when he was booked.

During the punishment phase of the trial, appellant, without the assistance of trial counsel, moved for a mistrial, alleging ineffective assistance of counsel for failure to offer evidence that appellant had only 45 cents in his possession when he was booked. The motion was denied. After the trial, appellant filed a Second Amended Motion for New Trial alleging, among other issues not raised here, that defense counsel intentionally withheld from evidence the police booking sheet, and that appellant was denied effective assistance of counsel for the reasons that evidence to show the amount of money he had with him when arrested was not presented and counsel did not use the police offense reports to impeach the victim's testimony.

At the hearing on this motion, appellant's trial counsel testified regarding his defense of appellant. He testified that he had ob-

tained the booking sheet and other police documents but that he did not offer them into evidence because he felt the booking sheet and the offense reports were inadmissible as hearsay and because the offense reports emphasized the victim's fragile condition which emphasis would be detrimental to appellant's case. He stated that he did not elicit testimony from the police officers regarding their offense reports because he believed they would explain away any discrepancies between the reports and any other evidence. Counsel stated that he used these documents to prepare his cross examination. He elicited testimony from the defendant regarding the amount of money he had in his possession at the time of his arrest. Finally, it is clear from the record that the victim suffered from some confusion, and both sides acknowledged this to the court; however, her testimony does not exhibit such a state of confusion that her competency to testify would be called into question.

The test for whether counsel was ineffective is whether counsel was deficient as shown by errors so serious that he failed to function as "counsel" guaranteed by the Sixth Amendment and that the deficient performance prejudiced the defense such that but for counsel's deficient performance the result of the proceeding would be different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Holland v. State,* 761 S.W.2d 307 (Tex.Crim.App.1988); *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). A reviewing court must indulge a strong presumption that criminal defense counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy. *See Holland,* 761 S.W.2d at 320; *Mercado v. State,* 615 S.W.2d 225 (Tex.Crim.App.1981). Appellant is not entitled to errorless counsel whose competency or adequacy is judged by hindsight. *Holland,* 761 S.W.2d at 320; *Hernandez,* 726 S.W.2d at 58; *Mercado,* 615 S.W.2d at 227–28.

We have reviewed the record in light of appellant's complaints regarding the quality of representation received and hold that

the trial counsel's assistance meets the test heretofore stated. Appellant's second point of error is overruled, and the judgment of the trial court is affirmed.