**Alvin Durwood QUALLS, Jr., Appellant,**

. **v.**

**The STATE of Texas, Appellee.**

**No. 2–90–113–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1992.

Moore & Smiddy, John D. Moore and Mike A. Smiddy, Mineral Wells, for appellant.

Amy Ayers Adams, Dist. Atty., Donald E. Schnebly and James S. Cawthon, Jr., Assts., Weatherford, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Alvin Durwood Qualls, Jr., who was convicted of the felony offense of aggravated possession of a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.116 (Vernon Pamph.1992). The appellant pled guilty to the charges and elected for the jury to impose sentence. Qualls was sentenced to thirty-five years confinement in the Texas Department of Corrections[1] and ordered to pay a $10,-000.00 fine.

In his sole point of error, the appellant asserts that he was denied effective assistance of counsel due to his trial counsel's repeated failure to object to improper and highly prejudicial evidence and jury argument at the punishment phase of his trial. We affirm.

### Appellant's Point of Error

 Because appellant's complaint of ineffective assistance of counsel deals with the punishment phase of the trial, we must use the standard enunciated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980), the standard used before the United States Supreme Court handed down *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex. Crim.App.1987). In *Ex parte Duffy*, the court held that effectiveness of counsel was to be judged by the standard of "reasonably effective assistance of counsel." *Ex parte Duffy*, 607 S.W.2d at 516. Under this standard, the sufficiency of an attorney's assistance is gauged by the totality of his representation of the accused. *Ex parte Cruz*, 739 S.W.2d at 58. The constitutional right to counsel does not mean errorless counsel or counsel whose competency is to be judged by hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim. App. [Panel Op.] 1981).

 Qualls argues in his brief that there are numerous instances at trial in which his counsel failed to object to conclusions of witnesses as to the identity of substances

being marihuana, testimony about the manufacture of drugs, drug paraphernalia, lab equipment, and argument by the State that the appellant was providing controlled substances to other households. Qualls complains that he was charged with possession of amphetamine and that this additional evidence should have been objected to by his trial counsel. The appellant's primary contention throughout his brief is that such information was not relevant and thus should have been objected to by counsel and excluded by the trial court.

We are troubled with the manner in which Qualls presents this case on appeal. In one point of error, he has simply listed instances in which he claims his counsel should have objected, presenting them in five separate categories. Except for questioning the relevancy of the evidence and jury argument and possibly the prejudicial effect of some of the evidence, Qualls has failed to enunciate why such inaction on the part of his attorney constituted ineffective assistance of counsel.

As stated in *Ex parte Cruz*, the sufficiency of an attorney's representation is gauged by the totality of his representation. *Ex parte Cruz*, 739 S.W.2d at 58. The statement of facts indicates that Qualls' trial attorney, Charles H. Roach, negotiated with the State and spent time counseling his client on the ramifications of his offense. Following is a portion of Roach's direct examination of Qualls before his guilty plea:

Q. All right. And Mr. Qualls, you understand that what you've done here today is enter a guilty plea before the jury?

A. Yes, I do.

Q. And that you're going to be asking the jury to assess punishment in this cause?

A. Yes.

Q. You understand that we have had some negotiations with the district attorney, and that their plea bargain offer in this case was 15 years in the Texas Department of Corrections.

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

A. Yes, I do.

Q. And I have communicated that to you?

A. Yes.

Q. And it was your desire to turn down or not accept that recommendation as a plea bargain; is that correct?

A. That's correct, sir.

Q. And in our discussions on how to proceed with this case, we discussed pleading guilty and not guilty, the advantages and disadvantages of both, and we have decided, and in particular, you have decided it would be in your best interest to go ahead and plead guilty in this case.

A. Yes.

Q. And ask that the jury assess a punishment; is that correct?

A. That's correct.

Q. And this is in accordance with your views as to what you want to do in this case; is that correct?

A. Yes, sir.

Q. And are you at this point satisfied with the representation that you have received?

A. Yes, I am.

In addition, prior to the punishment phase of this trial, Roach filed multiple motions and pleadings on behalf of his client, including: (1) Election of Jury to Assess Punishment; (2) Application for Probation; (3) Motion in Limine in Regard to Any Items of Physical Evidence Seized by Agents of the State; (4) Motion in Limine in Regard to Any Oral or Written Statements; and (5) Defendant's Motion in Limine to Prohibit Proof of Extraneous Offenses. The record indicates that Roach argued such motions before the trial court. The statement of facts also reflect that Qualls' trial counsel cross-examined the State's primary law enforcement witness, Garry Bills, as well as the State's chemist, Charles Teer.

After reviewing the record in this case, it becomes apparent that Qualls' strategy, as was confirmed at trial by his own testimony, was to "own up to [his] mistake." The focus of Qualls' case during the punishment phase was to admit making a mistake, but emphasize that he was putting his life back together and that probation would

be the best result for all concerned. Roach's representation during the punishment phase appears to have been consistent with this strategy. We hold that the representation provided by Roach when such is gauged by the totality of his service was not ineffective. The appellant's sole point of error is therefore overruled.

The judgment of the trial court affirmed.