TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00675-CR


NO. 03-99-00676-CR






Roderick Dwayne Williams, Appellant



v.



State of Texas, Appellee






FROM THE DISTRICT COURT OF HARRIS COUNTY, 185TH JUDICIAL DISTRICT


NOS. 803,191 & 798,652, HONORABLE SUSAN V. BROWN, JUDGE PRESIDING






 Roderick Dwayne Williams appeals from his convictions for aggravated robbery. 
See Tex. Penal Code Ann. § 29.03 (West 1994). Two separate offenses were consolidated for
a jury trial. (1) After finding him guilty on both offenses, the jury assessed punishment at fifty
years' confinement in the Texas Department of Criminal Justice--Institutional Division. We will
affirm the convictions.


Factual and Procedural Background


 The evening of November 3, 1998, complainant Hong Guo arrived at the apartment
complex in which she lived. As she left her car, she noticed two male strangers walking towards 
her. She took a path that avoided them, went inside her apartment, and locked the door. Shortly
thereafter, she heard a knock. An unseen person asked for "Maria." Guo answered that no one
named Maria lived there. At that point, she heard someone kicking the apartment door. She
called 911, but two men were able to kick in her door before she completed the call. A man later
identified as Williams was holding a silver revolver and had a "pantyhose-type" mask on his face. 
The other man had a T-shirt pulled up over his nose. (2) While pointing a gun at Guo's head, the
men demanded money. The phone rang; the men would not permit Guo to answer. A police
officer left a message concerning the earlier 911 call. The men made another demand for money. 
The phone rang again. The men told Guo to answer but "not to speak Chinese." When Guo
answered, a police officer asked if she needed help. She mumbled, "yes," but was afraid to say
more as Williams still had a gun pointed at her head. Williams then cut the telephone line.

 Guo opened a suitcase in her bedroom and gave Williams some cash. She told
them her wallet was in her car. She described the car and surrendered the keys at their demand. 
Williams then had Guo lay on her bed face down where he tied her feet together with an electrical
cord. Guo could hear what sounded like the other robber taking her television and videocassette
recorder. When she looked in that direction, the second robber told her not to dare to look at
him. Williams and the other robber left.

 Guo remained where she was for a while, then freed herself and called 911. When
a police officer arrived, he saw that the doorjamb had been busted and the door kicked in. The
VCR was on the floor. The officer discovered that Guo's vehicle had been stolen and immediately
reported it as stolen.

 Late on the night of November 13, 1998, complainant Long Huy Vo and his
girlfriend, Mary Doan, left a restaurant to return to Doan's home. They noticed a vehicle close
behind theirs, which Vo thought might be his brother, who was also at the restaurant. As Vo
pulled into the driveway at Doan's home the other vehicle, with a driver and passenger inside,
pulled up behind Vo and blocked it in the driveway. Doan thought someone wanted directions,
and continued toward the house. One man remained in the car; a man later identified as Williams
pointed a gun at Vo's head and told Doan to get back in the car. Williams told Vo and Doan not
to look at him and to give him all their money. Vo said they did not have any money. After
Williams hit Vo in the head, Doan gave her purse to Williams. Williams emptied the purse and
took Vo's wallet and cell phone. He kept asking for more money and hitting Vo when he said
they had none. Williams asked Doan if she lived in the house but she said it was her girlfriend's
home and she was just there to pick up some things. Williams then told them to get on the
floorboard and count to one hundred before they looked up. After waiting a while, Vo and Doan
discovered the men were gone. They went back to the restaurant for help. The police were called
and began to investigate.

 On November 20, 1998, Officer Chris Green of the Houston Police Department
was on patrol in southwest Houston when he saw a vehicle with two occupants parked in the
parking lot of a convenience store. He checked the license plate number, which revealed the car
was stolen. He called for assistance, then followed the vehicle as it left the parking lot. The car
was driven to a nearby apartment complex where Officer Green blocked it from leaving. The
passenger, Williams, jumped out of the car, ran, and attempted to jump over a fence. He fell and
broke an ankle. Officer Green held both men at gunpoint until they could be taken into custody. 
A search of the vehicle revealed a silver revolver, a black stocking cap, a white glove, and a small
backpack with two and one-half pounds of marihuana inside. The vehicle had been ransacked and
a door broken.

 Officer Laura Whalen, in charge of the first robbery investigation, took the suspects
before a magistrate, then placed each in a lineup. Guo went to the station and viewed a videotape
of the lineup. She identified Williams. Officer Whalen connected the two robberies and contacted
Vo, who also viewed the videotape and identified Williams.

 The two cases were consolidated for trial. Williams made no trial-court objection
to the consolidation. On appeal, he brings two issues for review: there is factually insufficient
evidence to support his conviction for robbing Guo (3) and trial counsel rendered ineffective
assistance.


Sufficiency of the Evidence


 In his first issue, Williams challenges only the factual sufficiency of the evidence
to support his conviction in cause 798,652. When the court reviews the legal sufficiency of a
verdict, it does so in the light most favorable to the verdict to determine whether a rational finder
of fact could have found all the elements of the crime beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App.
1998), cert. denied, 526 U.S. 1070 (1999). However, when the court reviews the factual
sufficiency of the evidence, it puts aside the prism of the "light most favorable to the verdict." 
See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 The reviewing court considers all the evidence and reverses if the verdict is so
contrary to the overwhelming weight of the evidence as to be unjust. See Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 134. The jury's verdict,
however, should still be accorded due deference so that the reviewing court does not, in effect,
become the thirteenth juror. See Clewis, 922 S.W.2d at 133. The appellate court does not
interfere with the jury's resolution of conflicts in the evidence or pass on the weight or credibility
of testimony. Unless the record clearly reveals that a different result was appropriate, an appellate
court should defer to the jury's determination concerning what weight to give contradictory
testimonial evidence because the jurors' resolution of such conflicts often turns on an evaluation
of credibility and demeanor that the jurors witnessed. See Johnson v. State, No. 1915-98, slip.
op. at 12 (Tex. Crim. App., Feb. 9, 2000).

 Williams raises several complaints about Guo's testimony. He contends that cross-racial eyewitness identification is the most unreliable form of eyewitness identification. (4) He
claims that the mask he wore obscured Guo's view of his features; that she testified about noticing
his eyes but had not mentioned his eyes during her reports to the police and that she did not
mention his gold teeth or tatoos. His wife also testified that he was with her the night of Guo's
robbery.

 Guo unequivocally identified Williams in court as the individual who had robbed
her at gunpoint and taken her car keys. She previously had unequivocally identified Williams in
a videotaped recording of a line-up. Williams was apprehended in the complainant's stolen
vehicle, and the same type of gun used by the robber was found in the car. Williams also
attempted to flee when stopped while in Guo's stolen car, breaking an ankle in the process, from
which an inference of guilt could be drawn. See Bigby v. State, 892 S.W.2d 864, 884 (Tex.
Crim. App. 1994), cert. denied, 515 U.S. 1162 (1995); Cardenas v. State, 971 S.W.2d 645, 649
(Tex. App.--Dallas 1998, pet. ref'd).

 Williams's issue is an attack on Guo's credibility. He asks this Court to substitute
its judgment for that of the jury and believe the alibi provided by his wife. This we will not do. 
We hold the evidence factually sufficient to support his conviction in cause 798,652 and overrule
the first issue presented.


Ineffective Assistance


 In his second issue presented, Williams claims he did not receive effective
assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Williams must
show that counsel made such serious errors that he was not functioning effectively as counsel and
that these errors prejudiced the Williams's defense to such a degree that he was deprived of a fair
trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d
770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). Whether the Strickland standard has been met is to be judged by the totality of the
representation measured as of the time of trial, not through hindsight. See Ex parte Kunkle, 852
S.W.2d 499, 505 (Tex. Crim. App.), cert. denied, 510 U.S. 840 (1993); Ex parte Welborn, 785
S.W.2d 91, 93 (Tex. Crim. App. 1990).

 Judicial scrutiny of the performance of a defendant's trial attorney is highly
deferential. A reviewing court indulges a strong presumption that the conduct of the defendant's
trial attorney fell within the wide range of reasonable professional assistance, and the defendant
must overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. See Strickland, 466 U.S. at 689; Jackson v. State, 877 S.W.2d 
768, 771-72 (Tex. Crim. App. 1994). The burden of proving ineffective assistance of counsel
falls on the accused, and such contentions must be proved by a preponderance of the evidence. 
See Kunkle, 852 S.W.2d at 505; Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987). An
allegation of ineffective assistance of counsel should be sustained only if it is firmly founded in
a record that affirmatively demonstrates counsel's alleged ineffectiveness. See Cruz, 739 S.W.2d
at 59; Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); see also Ex parte Torres,
943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (record on direct appeal is usually insufficient to
support claims of ineffective assistance of counsel).

 Williams's ineffective assistance claim revolves around the consolidation of the two
causes for trial, the introduction of evidence concerning two extraneous offenses, and certain
testimony elicited from his wife.

 Williams claims that his trial attorneys rendered ineffective assistance by failing to
object to the consolidation of these offenses, in part because of the possible admission of
extraneous offenses, apparently referring to Guo's robbery being extraneous to Vo's and vice-versa. However, even in separate trials, the other offenses may have been admissible on the issue
of identity, as both involved robberies of Asians only a few days apart in the same area of town,
an area in which Williams lived. He was also driving Guo's stolen car when he robbed Vo. 
Further, as pointed out by the State, joinder of the cases for a consolidated trial on punishment
insured that his sentences would be served concurrently. See Tex. Penal Code Ann. § 3.04(b)
(West 1994). Consolidation was a reasonable trial strategy.

 Williams also claims ineffective assistance because counsel failed to object to the
introduction of the silver revolver and marihuana that were recovered from Guo's vehicle when
Williams was apprehended. The state was entitled to introduce the silver revolver, which matched
the description of the gun given by both Guo and Lo, and which was found in the car stolen from
Guo. See Ransom v. State, 920 S.W.2d 288, 300-01 (Tex. Crim. App. 1996). Williams does not
explain or show harm from the admission of the marihuana, and given the other facts, we find
none. Even if the failure to object were a mistake, it was an isolated one.

 Williams also contends that the trial attorneys failed to object to his wife's
testimony that they met while he was incarcerated. This testimony was a permissible attack on
the wife's credibility; she was evasive when first asked how she met Williams (she kept saying
she met him in a "holding facility" and was uncertain if that was a prison). There were other
aspects of their relationship about which the wife testified that also suggested she wanted Williams
out of jail at any cost.

 Williams has failed to rebut the strong presumption that the conduct of his trial
attorneys fell within the wide range of reasonable professional assistance and failed to show that
the preponderance of the evidence shows that the totality of his trial attorneys' representation fell
below an objective standard of reasonableness. Accordingly, we overrule Williams's second issue
presented.


Conclusion


 We have overruled Williams's first issue presented concerning the factual
sufficiency of the evidence to support his conviction for the robbery of Guo. We have overruled
his second issue concerning ineffective assistance in both cases. Accordingly, we affirm the
judgments of conviction.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed on Both Causes

Filed: May 18, 2000

Do Not Publish
1. Trial court cause number 803,191, our cause number 03-99-675-CR, involved complainant
Long Huy Vo. Trial court cause number 798,652, our cause number 03-99-676-CR, involved
complainant Hong Guo. The statement of facts shows that Hong Guo, when asked if she spelled
her "last name" Guo, answered that she did. Accordingly, we use Guo as the equivalent of an
English-language surname. For the same reason, we use "Vo" for complainant Long Huy Vo.
2. The record is not clear about what happened to the second robber.
3. Williams does not challenge either the legal or factual sufficiency to support his conviction
in cause number 803,191 for robbing Vo. The only point of error we consider with regard to that
conviction is ineffective assistance.
4. Williams is African-American; Guo is Chinese and had been in the United States for
approximately four years at the time of trial. Williams refers us to a law review article, Elizabeth
Loftus and D. Fishman, Expert Psychological Testimony on Eyewitness Identification, 4 Law and
Psychology Review 87-103 (1978), and a New Jersey case in which an instruction on cross-racial
eyewitness identification was given.



EM>Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); see also Ex parte Torres,
943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (record on direct appeal is usually insufficient to
support claims of ineffective assistance of counsel).

 Williams's ineffective assistance claim revolves around the consolidation of the two
causes for trial, the introduction of evidence concerning two extraneous offenses, and certain
testimony elicited from his wife.

 Williams claims that his trial attorneys rendered ineffective assistance by failing to
object to the consolidation of these offenses, in part because of the possible admission of
extraneous offenses, apparently referring to Guo's robbery being extraneous to Vo's and vice-versa. However, even in separate trials, the other offenses may have been admissible on the issue
of identity, as both involved robberies of Asians only a few days apart in the same area of town,
an area in which Williams lived. He was also driving Guo's stolen car when he robbed Vo. 
Further, as pointed out by the State, joinder of the cases for a consolidated trial on punishment
insured that his sentences would be served concurrently. See Tex. Penal Code Ann. § 3.04(b)
(West 1994). Consolidation was a reasonable trial strategy.

 Williams also claims ineffective assistance because counsel failed to object to the
introduction of the silver revolver and marihuana that were recovered from Guo's vehicle when
Williams was apprehended. The state was entitled to introduce the silver revolver, which matched
the description of the gun given by both Guo and Lo, and which was found in the car stolen from
Guo. See Ransom v. State, 920 S.W.2d 288, 300-01 (Tex. Crim. App. 1996). Williams does not
explain or show harm from the admission of the marihuana, and given the other facts, we find
none. Even if the failure to object were a mistake, it was an isolated one.

 Williams also contends that the trial attorneys failed to object to his wife's
testimony that they met while he was incarcerated. This testimony was a permissible attack on
the wife's credibility; she was evasive when first asked how she met Williams (she kept saying
she met him in a "holding facility" and was uncertain if that was a prison). There were other
aspects of their re