IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. AP-75,108






EX PARTE RODNEY KEITH CASH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Meyers,
Keasler and Cochran, JJ., joined. Holcomb, J., filed a dissenting opinion in which Price,
Womack and Johnson, JJ., joined.


OPINION 



 The issue in this case is whether applicant's trial counsel was ineffective for filing an
unsworn motion for probation at applicant's murder trial. See generally Strickland v. Washington,
466 U.S. 668 (1984) (generally requiring a defendant to prove deficient attorney performance and
prejudice in establishing an ineffective assistance of counsel claim); but see Hernandez v. State, 988
S.W.2d 770, 771 (Tex.Cr.App. 1999) (questioning whether Strickland even applies to attorney
performance at the punishment phase of a noncapital sentencing proceeding). We decide that
applicant has not proved his ineffective assistance of counsel claim.

 Applicant was certified to stand trial as an adult for a murder that he committed when he was 
15 years old. A jury convicted applicant of this offense and sentenced him as a first-degree felon
to 40 years in prison after rejecting his claim that he murdered the victim under the immediate
influence of sudden passion, a second-degree felony. See Tex. Pen. Code, § 19.02(d). (1)

 Before trial, applicant's trial counsel timely filed an unsworn motion for community
supervision (probation). (2) This unsworn motion stated that applicant was not a convicted felon. (3) 
Applicant's trial counsel also requested a jury instruction on probation at the punishment phase of
applicant's murder trial. The trial court denied this requested jury instruction, not because
appellant's motion for probation was unsworn, but because applicant had a previous juvenile
delinquency adjudication for an unauthorized use of a vehicle which the trial court believed made
applicant ineligible for probation. (4) Applicant complained of this ruling on direct appeal, but the
Court of Appeals declined to review the merits of this ruling because applicant's motion for
probation was unsworn. See Cash v. State, No. 14-00-00308-CR slip op. at 3-4 (Tex.App.-Houston
[14th Dist.], May 10, 2001, pet. ref'd) (not designated for publication) (applicant's unsworn motion
for probation failed to preserve for appellate review the trial court's ruling that applicant was
ineligible for probation). (5)

 In this proceeding, the convicting court found that applicant's trial counsel performed
deficiently by filing an unsworn motion for probation which resulted in the Court of Appeals not
reviewing the merits of the trial court's ruling that applicant was ineligible for probation. The
convicting court also found that, had the Court of Appeals reviewed the merits of this ruling, there
is a reasonable probability that it would have reversed applicant's sentence and remanded the case
for a new punishment hearing. We filed and set this case to decide "whether counsel was ineffective
for failing to properly file a motion for probation prior to trial, and whether Applicant was entitled
to consideration for probation had the motion been filed."

 We decide only that applicant has failed to establish prejudice from any deficient
performance by his trial counsel making it unnecessary to decide the latter question of whether
applicant was entitled to consideration for probation had the motion been properly filed. (6) See
Footnote 4. The familiar Strickland standard for establishing prejudice requires applicant to prove
that there is a reasonable probability that, but for counsel's alleged errors, the result of the
proceeding would have been different. See Strickland, 466 U.S. at 694. Applicant alleges that he
was prejudiced in two ways from trial counsel's filing an unsworn motion for probation. He alleges
that his sentencing jury was prevented from considering probation during its deliberations. (7) He also
alleges that the Court of Appeals did not review the merits of the trial court's ruling that applicant
was ineligible for probation because of his prior juvenile delinquency adjudication for the
unauthorized use of a motor vehicle offense. (8)

 Applicant's allegations of prejudice in this case do not address the central issue of prejudice
under Strickland, which is whether there is a reasonable probability that applicant's sentencing jury
would have recommended probation had the issue been submitted to it. See Warden v. Visciotti, 537
U.S. 19, 22-23 (2002) (when it is alleged that counsel performed deficiently at the punishment phase
of trial, defendant must prove that there is a reasonable probability that, but for counsel's errors, the
sentencing jury would have reached a more favorable penalty-phase verdict). (9) Such a finding in this
case would be based on pure conjecture and speculation. See Strickland, 466 U.S. at 693 (not
enough for a defendant to show that counsel's errors had some conceivable effect on the outcome
of the proceeding). This is especially true when the record reflects that the jury sentenced applicant
to 40 years in prison, which is considerably more than 10 years in prison. See Article 42.12, §
4(d)(1) (defendant not eligible for probation if jury sentences him to more than 10 years in prison);
Mercado, 615 S.W.2d at 228 (rejecting defendant's ineffective assistance of counsel claim based on
counsel's failure to file probation motion because jury would not have considered this motion in light
of its sentence of 17 years).


 Habeas corpus relief is denied.


 Hervey, J.


Delivered: November 16, 2005

Publish

1. As a first-degree felon, applicant faced a punishment range of five to 99 years or life in prison
with a possible fine not to exceed $10,000. See Tex. Pen. Code, § 12.32. The punishment range
for a second degree felony is two to twenty years in prison with a possible fine not to exceed
$10,000. See Tex. Pen. Code, § 12.33.
2. Applicant's brief accurately describes this motion as follows:


 More specifically, trial counsel failed to file a sworn motion for probation with the
trial court prior to proceeding to trial. Defense counsel filed a pre-trial motion for
community supervision, but did not have Applicant swear to its contents. The
"Application for Community Supervision from the Jury" consisted of three pages. 
The affidavit was attached as the third page of the three-page document (C.R.-51-53). 
Applicant's signature appears nowhere on the affidavit page of the motion, but rather
appears only on the first page of the motion next to an "X" (C.R.-51). Moreover, a
mark was made above the line designated for the notary's signature, but it does not
bear the notary's seal. Additionally the term "Notary Public" has been stricken and
the document was dated January 18, 1999, eight months prior to Applicant's
indictment date of September 13, 1999 (C.R.-53).


(Emphasis in Original). 
3. Article 42.12, § 4(e), Tex. Code Crim. Proc., provides that:


 A defendant is eligible for community supervision under this section only if before
the trial begins the defendant files a written sworn motion with the judge that the
defendant has not previously been convicted of a felony in this or any other state, and
the jury enters in the verdict a finding that the information in the defendant's motion
is true. 
4. But see Tex. Fam. Code, § 51.13(d) (providing, in relevant part, that a juvenile adjudication
for delinquent conduct that constitutes a felony offense is a final felony conviction only for habitual
offender sentencing purposes).
5. The Court of Appeals also decided that applicant suffered no harm from the trial court's
failure to submit a jury instruction on probation because the jury sentenced applicant to more than
10 years in prison. See Cash, slip op. at 4-5 n.7; see also Article 42.12, § 4(d)(1), Tex. Code Crim.
Proc., (defendant not eligible for probation if jury sentences him to more than 10 years in prison); 
Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981) (rejecting defendant's ineffective
assistance of counsel claim based on counsel's failure to file probation motion because jury would
not have considered this motion in light of its sentence of 17 years). 
6. See Strickland, 466 U.S. at 697 (court need not determine whether counsel's performance
was deficient before examining the prejudice suffered by the defendant as a result of the alleged
deficiencies, and, if it is easier to dispose of an ineffectiveness claim on the ground of lack of
sufficient prejudice, that course should be followed).
7. We note that the trial court would not have submitted trial counsel's requested jury
instruction on probation even had trial counsel filed a sworn motion for probation.
8. Applicant apparently agrees with the convicting court's finding that the result of the
proceeding in the Court of Appeals would have been different had applicant's counsel filed a sworn
motion for probation.
9. If no such probability exists, we do not see the point under Strickland of addressing whether
the Court of Appeals would have reversed applicant's sentence and remanded the case for a new
punishment hearing. In any event, applicant has not established that there is a reasonable probability
that, had trial counsel filed a sworn motion for probation thereby requiring the Court of Appeals to
address the merits of the issue of applicant's eligibility for probation, the result of the proceeding in
the Court of Appeals would have been different. The Court of Appeals also decided that applicant
suffered no harm from the trial court's failure to submit a jury instruction on probation. See Cash,
slip op. at 4-5 n.7 (deciding that "even if it were error for the trial court to deny [applicant's] request
for community supervision, no harm occurred as a result thereof").