Opinion filed August 11,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00276-CR 

                                                    __________

 

                                   EARL
ALLEN FANT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. B-34,978

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Earl Allen Fant of the offense of aggravated assault with a
deadly weapon, and the trial court assessed punishment at confinement for eight
years.  We affirm.  

            Appellant
presents two issues on appeal.  In the first issue, he argues that he received
ineffective assistance of counsel at trial because trial counsel failed to timely
file a proper application for community supervision and an election for the
jury to assess punishment.  In the second issue, appellant challenges the legal
and factual sufficiency of the evidence to support his conviction.  

We note at the outset of our analysis of appellant’s second
issue that the Texas Court of Criminal Appeals has now held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010), that there is “no meaningful
distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s sufficiency challenge under
the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

Appellant
was convicted of aggravated assault with a deadly weapon based upon the jury’s verdict
that he intentionally and knowingly threatened Kathy Moore with imminent bodily
injury and that he used or exhibited a deadly weapon (a knife) during the
commission of the offense.  The record shows that Moore went to the house of
her friend, Angie Smelter Wright, on Christmas Eve.  Wright was standing
outside, scared and upset.  Appellant, who lived with Wright, had locked Wright
out of the house.  After Wright and Moore went inside, appellant, who appeared
to be intoxicated, “went berserk.”  He screamed and hollered all sorts of
profanities at Moore, threw a glass of water at her, put his hands around her
throat and threatened to kill her, and hit her in the head with a phone.  Appellant
then got two knives out of the kitchen, came back into the living room, held
them to Wright’s throat, and told Wright that he was going to kill her.  One of
the knives was a sharp butcher knife, and the other was a utility knife.

Appellant
argues that the evidence is insufficient to show his intent.  We disagree. 
Both Moore and Wright testified that appellant held the knives to Moore’s
throat and threatened to kill her.  Furthermore, shortly after his arrest,
appellant admitted to a police officer that he put the knives to Moore’s
throat.  Appellant also admitted at trial that he had the knives and that he
threatened her.  Appellant testified that he was not trying to kill Moore, just
scare her.  To be guilty of the offense, appellant did not need to have the intent
to hurt Moore; he only had to knowingly or intentionally threaten her with
imminent bodily injury.  Tex. Penal Code
Ann. §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2011).  We hold that the
evidence is sufficient to show that appellant threatened Moore with imminent
bodily injury and that he used or exhibited a deadly weapon during the
commission of the offense.  Appellant’s second issue is overruled.  

In
his first issue, appellant asserts that he received ineffective assistance of
counsel at trial.  In order to determine whether appellant’s trial counsel
rendered ineffective assistance at trial, we must first determine whether
appellant has shown that counsel’s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel’s errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  In order to assess counsel’s
performance, we must make every effort to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from
counsel’s perspective at the time.  We must indulge a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional
assistance, and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 
Stafford v. State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991). 


Appellant
contends that trial counsel was ineffective because he failed to file an
election for the jury to assess punishment and a proper application for
community supervision.  To support a claim of ineffective assistance of counsel
with respect to a mistake regarding an application for community supervision,
the record must reveal more than trial counsel’s mere mistake:

There must be
evidence that the defendant was initially eligible to receive probation, that
counsel’s advice to go to the trial judge for sentencing was not given as part
of a valid trial strategy, that the defendant’s decision to have the judge
assess punishment was based on his attorney’s erroneous advice, and that the
defendant’s decision would have been different if her attorney had correctly
informed her of the law.  

 

State v.
Recer, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991); see Mercado v.
State, 615 S.W.2d 225 (Tex. Crim. App. 1981) (where the record did not
reflect that the defendant was eligible for probation, counsel’s failure to
file a motion for probation did not constitute ineffectiveness).  

The
record in this case indicates that appellant did not file an election with
respect to punishment and that punishment was assessed by the trial court.  Prior
to voir dire, trial counsel stated on the record that appellant would be “going
to the Court on punishment if he is found guilty.  I have filed an application
for probation.  I have not got it sworn to yet, but I will get it sworn to by
the clerk when she comes in.”  Pursuant to the Texas Code of Criminal
Procedure, a trial court cannot grant community supervision if the defendant
used or exhibited a deadly weapon during the commission of the offense.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (Vernon Supp. 2010).  Thus, if appellant were found guilty as
charged in the indictment, the trial court could not grant community
supervision.  Furthermore, a jury is not authorized to recommend community
supervision unless the defendant, before trial begins, files a sworn motion for
community supervision averring that he has not previously been convicted of a
felony, which information the jury must find to be true.  Id. art.
42.12, § 4(d)(3), (e).  Appellant filed an unsworn application for community
supervision.

We
note that no motion for new trial was filed and that nothing in the record
before us indicates whether trial counsel misinformed appellant regarding his
eligibility to receive community supervision from the trial court or the jury
or whether trial counsel was himself misinformed.  Additionally, the record in
this case does not show whether appellant would have actually been eligible for
community supervision if he had properly filed a sworn motion and elected for
the jury to assess punishment. Appellant testified inconsistently regarding his
criminal history.  Appellant first stated that he had no felony conviction in
this state or any other state, but then appellant agreed on cross-examination
that he had a felony conviction for the offense of possession of cocaine in
Florida in 1988.  Trial counsel objected, stating that the document the State
was using to cross-examine appellant appeared to be an arrest warrant, not a
judgment of conviction.  Trial counsel stated that he did not think appellant
had been convicted of the offense.  That document was not offered or admitted
into evidence.  

To defeat the presumption of reasonable professional assistance, the record must
affirmatively demonstrate the ineffectiveness.  Thompson v. State, 9
S.W.3d 808, 813-14 (Tex. Crim. App. 1999).  Rarely will the record on direct
appeal contain sufficient information to permit a reviewing court to fairly
evaluate the merits of an ineffective assistance claim.  Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  The record in this case does not
contain sufficient information to affirmatively demonstrate trial counsel’s
ineffectiveness in accordance with Recer; the record does not show that
appellant was eligible for community supervision, that counsel’s advice was not
part of a valid trial strategy, that appellant’s decision to have the trial
court assess punishment was based on trial counsel’s erroneous advice, or that
appellant’s decision would have been different if trial counsel had correctly
informed him of the law.    Because the record in the present case has not been
sufficiently developed, we cannot hold that counsel’s performance fell below an
objective standard of reasonableness.[3]
Appellant’s first issue is overruled.  

The
judgment of the trial court is affirmed. 

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

August 11, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





                [3]We note that our resolution of this issue does not
affect appellant’s entitlement to re-urge this complaint in a postconviction
writ.  Bone, 77 S.W.3d at 837 n.30.