NO. 07-01-0269-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 24, 2002



______________________________




EDWARD CARLTON MAYBERRY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47th DISTRICT COURT OF POTTER COUNTY;



NO. 41271-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Upon a plea of not guilty, a jury convicted appellant Edward Carlton Mayberry of
indecency with a child by exposure and assessed punishment at 10 years confinement. 
 In presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the judgment is affirmed.

 In support of her motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), she has
diligently reviewed the record and, in her opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, she concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that she sent a copy of the brief to
appellant, and informed him that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that she notified appellant of his right to review the
record and file a pro se brief. Appellant did not file a pro se brief. The State did not favor
us with a brief. 

 Counsel suggests a single arguable point of error on appeal arguing appellant's
Sixth Amendment right to counsel was violated due to trial counsel's ineffective assistance
during the punishment phase. Counsel asserts six instances during the punishment phase
which she suggests support the ineffective assistance claim, to wit: (1) trial counsel
encouraged appellant to lie during his punishment phase testimony; (2) trial counsel failed
to adequately prepare appellant for the punishment phase; (3) trial counsel allowed jurors
to be seated who were biased against appellant based upon prior acquaintance; (4) trial
counsel refused to introduce into evidence photographs of appellant; (5) trial counsel
refused to introduce into evidence testimony from appellant's wife; and (6) trial counsel's
erroneous statement about appellant's appeal bond eligibility prompted him to decline the
State's agreed punishment recommendation offer of four and a half years confinement. 
However, after a discussion of the evidence and legal authorities, counsel concedes that
no reversible error is presented. We agree.

 Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674
(1984), a defendant claiming ineffective assistance of counsel must establish that (1)
counsel's performance was deficient (i.e., fell below an objective standard of
reasonableness, and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different. Hernandez v. State,
726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A strong presumption exists that defense
counsel's conduct falls within a wide range of reasonable representation. Strickland, 466
U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757
(Tex.Cr.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
To sustain a challenge of ineffective assistance, it must be firmly founded in the record,
Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and defendant must
overcome the presumption that counsel's conduct might be considered sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).

 Even without overcoming the presumption, appellant has failed to meet the test set
out by the Supreme Court in determining ineffective assistance of counsel. See Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); see also Hernandez
v. State, 726 S.W.2d 53, (Tex.Cr.App. 1986). The record does not support the contentions
that (1) trial counsel encouraged appellant to lie during his punishment phase testimony;
(2) trial counsel failed to adequately prepare appellant for the punishment phase; or (3)
trial counsel allowed jurors to be seated who were biased against appellant based upon
prior acquaintance. Decisions to introduce evidence fall within the zone of trial strategy,
and testimony from trial counsel during the hearing on the motion for new trial indicates
he made the decision not to introduce certain photographic evidence and testimony from
appellant's wife based on trial strategy. Thus, we cannot say trial counsel's performance
fell below an objective standard of reasonableness. With respect to the erroneous advice
about appeal bond eligibility, the trial court was free to reject the agreed punishment
recommendation if indeed appellant had accepted it, so there is no reasonable probability
of a different outcome. No reversible error is presented based on the claim of ineffective
assistance of counsel. Appellant's point of error is overruled.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 ( 1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex. Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed. 

 Don H. Reavis

 Justice


Do not publish.










 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



and causation must be uttered. 
American Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d at 879. Finally, in
assessing the adequacy of the report, the trial court can look no further than to the four
corners of the report. Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002);
American Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d at 878. 

 Application of Law

 The report at bar was provided by Dr. Kalpanba M. Kumar, an individual board
certified in internal medicine. The doctor criticized the failure of Marupudi to use measures
to prevent Boss' fall. The first measure alluded to was the failure to write a standing order
for anxiolytic medication on an as needed basis. Such medication was purportedly
necessary to treat the patient's "transient disorientation and anxiety" which "may have led
him to attempt to get out of bed and subsequently fall." This omission would constitute
negligence, in the expert's view, "if the patient had attempted to get out of bed and fall, due
to confusion and disorientation." The second measure involved the failure to order
restraints "[i]f the nurses had . . . discussed Mr. Boss's confusion and combativeness with
Dr. Marupudi." Yet, nothing in the report suggests that Boss fell due to disorientation and
anxiety or that the nurses informed Marupudi that his patient was suffering from
disorientation or had a history of it. Moreover, Kumar does not opine that the standard of
care required that every patient who slipped and fell once in the hospital should be placed
in restraints and given anti-anxiety medication to prevent subsequent falls. Instead, the 
doctor's opinions are based on the assumption that Boss fell due to disorientation and
confusion even though the circumstances described in the report do not indicate that he
was actually experiencing such a condition when he fell. 

 So what we have before us is an opinion accusing Marupudi of negligence. Yet, the
opinion is dependent upon the occurrence of particular circumstances, and the expert does
not suggest, in the report, that those circumstances actually occurred. This is problematic
for the report must give the trial court sufficient information upon which to initially decide
whether the claim is frivolous. American Transitional Care Ctrs. of Texas, Inc. v. Palacios,
46 S.W.3d at 879. In other words, since it must enable the trial court to hold that the claim
has merit, logic dictates that it contain sufficient information to enable the trial court to
make that decision. Given that whether a physician acted negligently depends upon the
circumstances confronting the doctor, see Chambers v. Conaway, 883 S.W.2d 156, 158
(Tex. 1993) (stating that a "physician has a duty to act as would a physician of reasonable
and ordinary prudence under the same or similar circumstance"), it also follows that before
any assessment can be made about the existence of a duty and its breach, the
circumstances confronting the physician must be revealed. And, if the trial court must be
in a position to hold that the claim is meritorious and can look no further than to the report
itself, then the latter must of necessity reiterate the pertinent circumstances. Indeed, this
is at least one reason why mere conclusions regarding the standard of care, its breach,
and causation do not satisfy the definition of an expert report. 

 As previously mentioned, the expert's opinions here were and are founded upon
hypotheticals. Again, Kumar does not specify the circumstances confronting Marupudi. 
Rather, the doctor simply posits the theorum that if X occurred (and assuming Marupudi
knew of it), then Y was the appropriate response. Whether X occurred or whether Kirksey
or Kumar alleged X occurred goes unmentioned in the report. And, because it does, the
trial court lacked sufficient information about the circumstances of the dispute to determine
whether Marupudi had a duty to act, breached that duty, if any, and whether that breach
caused, in any way, Boss' death. Thus, the trial court did not abuse its discretion in either
concluding that the expert report fell short of that required by Palacios or in dismissing the
suit. See Bowie Memorial Hospital v. Wright, 79 S.W.3d at 52 (stating that whether a trial
court erred in dismissing the suit depends upon whether it abused its discretion).

 Finally, we do not hold that a claimant must marshal his evidence in the expert
report. As previously mentioned, that is not required. Yet, neither are conclusory
statements permissible. Instead, to conform to the dictates of Palacios, the report must
contain a description of the circumstances confronting the doctor and which purportedly
obligated him to respond in a particular manner. Without them, no one can determine how
a reasonable physician would have acted or whether the conduct actually undertaken
caused any injury. Indeed, this is nothing more than requiring a plaintiff to give a
defendant fair notice of his claim. 

Issues Four, Five, and Six - Grace Period 


 In her last three issues, Kirksey argues that the trial court erred by refusing to grant
a 30-day grace period to provide an adequate expert report. We overrule the issues.

 Article 4590i, §13.01(g) of the Revised Civil Statutes provided:

 Notwithstanding any other provision of this section, if a claimant has failed
to comply with a deadline established by Subsection (d) of this section and
after hearing the court finds that the failure of the claimant or claimant's
attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of
30 days to permit the claimant to comply with that subsection . . . .


Kirksey believed herself entitled to the aforementioned grace period because her failure
to provide an adequate report purportedly arose from her attorney's belief that the
document met the applicable requirements. While this would have entitled her to an
extension at one time, see e.g. In re Rodriguez, 99 S.W.3d 825, 828-29 (Tex. App.--Amarillo 2003, orig. proceeding) (holding that an attorney's mistaken belief that a report
was sufficient satisfied the prerequisites for obtaining the 30-day grace period), that is no
longer true. After we issued Rodriguez, the Supreme Court held that "a purportedly
mistaken belief that the report complied with the statute does not negate a finding of
'intentional or conscious indifference.'" Walker v. Gutierrez, 111 S.W.3d 56, 65 (Tex.
2003). Given this, the trial court did not err in rejecting the basis upon which Kirksey
alleged she was entitled to the extension. 

 Accordingly, the judgment of the trial court is affirmed.

 

 Brian Quinn

 Justice
1. As of September 1, 2003, the provision is now found at §73.351 of the Civil Practice and Remedies
Code. Furthermore, the claimant no longer has 180 days to serve the report but only 120. Tex. Civ. Prac.
& Rem. Code Ann. §74.351(a) (Vernon Supp. 2004). However, because the trial court dismissed the suit
before September 1, 2003, we cite to the old statute.