NO. 07-01-0269-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 24, 2002

_____

EDWARD CARLTON MAYBERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NO. 41271-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, a jury convicted appellant Edward Carlton Mayberry of indecency with a child by exposure and assessed punishment at 10 years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to

_____

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of her motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), she has diligently reviewed the record and, in her opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, she concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed him that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief. Appellant did not file a *pro se* brief. The State did not favor us with a brief.

Counsel suggests a single arguable point of error on appeal arguing appellant's Sixth Amendment right to counsel was violated due to trial counsel's ineffective assistance during the punishment phase. Counsel asserts six instances during the punishment phase which she suggests support the ineffective assistance claim, to wit: (1) trial counsel encouraged appellant to lie during his punishment phase testimony; (2) trial counsel failed to adequately prepare appellant for the punishment phase; (3) trial counsel allowed jurors to be seated who were biased against appellant based upon prior acquaintance; (4) trial

2

counsel refused to introduce into evidence photographs of appellant; (5) trial counsel refused to introduce into evidence testimony from appellant's wife; and (6) trial counsel's erroneous statement about appellant's appeal bond eligibility prompted him to decline the State's agreed punishment recommendation offer of four and a half years confinement. However, after a discussion of the evidence and legal authorities, counsel concedes that no reversible error is presented. We agree.

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), a defendant claiming ineffective assistance of counsel must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).

Even without overcoming the presumption, appellant has failed to meet the test set out by the Supreme Court in determining ineffective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *see also* Hernandez v. State, 726 S.W.2d 53, (Tex.Cr.App. 1986). The record does not support the contentions that (1) trial counsel encouraged appellant to lie during his punishment phase testimony; (2) trial counsel failed to adequately prepare appellant for the punishment phase; or (3) trial counsel allowed jurors to be seated who were biased against appellant based upon prior acquaintance. Decisions to introduce evidence fall within the zone of trial strategy, and testimony from trial counsel during the hearing on the motion for new trial indicates he made the decision not to introduce certain photographic evidence and testimony from appellant's wife based on trial strategy. Thus, we cannot say trial counsel's performance fell below an objective standard of reasonableness. With respect to the erroneous advice about appeal bond eligibility, the trial court was free to reject the agreed punishment recommendation if indeed appellant had accepted it, so there is no reasonable probability of a different outcome. No reversible error is presented based on the claim of ineffective assistance of counsel. Appellant's point of error is overruled.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 ( 1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel

4

that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.