COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-139-CR

 

REGINALD DALE PETERS                                                      APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                STATE



 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      

I. Introduction








Appellant Reginald Dale Peters appeals his
conviction by a jury for the offense of aggravated sexual assault of a child
younger than fourteen years of age.  In
three points, Peters argues that the evidence produced at trial was both
legally and factually insufficient to support his conviction and that he
received ineffective assistance of counsel at both the guilt-innocence and
punishment stages of trial.  Because we
hold that there was legally and factually sufficient evidence to support Peters=s
conviction and that the record does not reflect that Peters=s trial
counsel provided him with inadequate representation, we will affirm.

II. Factual
and Procedural Background

In the spring of 2004, Peters and his live-in
girlfriend, Cassandra Davis, hosted weekend-long parties for Peters=s
sixteen-year-old son, R.D., and R.D.=s
friends.  During these parties, R.D.=s
friends would often spend the entire weekend at Peters=s
house.  Alcohol, marijuana, and
methamphetamines were readily available at the parties.  

On May 2, 2004, Peters hosted one of these
parties.  Some of R.D.=s
friends attending this party were as young as thirteen years of age.  E.P.L., a thirteen-year-old girl, was one of
R.D.=s
friends who was present at this party. 
After becoming intoxicated on liquor present in the home that night,
E.P.L. passed out on a couch downstairs. 
Sometime thereafter, R.D. saw his father, Peters, lying on the couch
next to E.P.L. and noticed that when Peters stood up, his belt buckle, top
button, and half of his zipper were undone. 









R.D. reported the incident to authorities.  When first 
questioned, E.P.L. stated that nothing had happened.  Upon further inquiry, however, E.P.L admitted
that Peters had penetrated her vagina with his fingers.  As a result, the State charged, and the grand
jury indicted, Peters for aggravated sexual assault of a child younger than
fourteen years of age.  After a jury
trial, the jury found Peters guilty of the charged offense and the trial court
sentenced him to life in prison.  This
appeal followed.

III.  Legal and Factual Sufficiency

In his first and second points, Peters argues
that the evidence produced at trial was legally and factually insufficient to
support his conviction for aggravated sexual assault of a child because no
rational trier of fact could have found guilt beyond a reasonable doubt.  

A. Standards of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at
414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.            

In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.

B.
Sufficient Evidence to Prove Aggravated Sexual Assault of a                Child Younger than Fourteen Years of Age

 








The State was required to prove that Peters
knowingly or intentionally caused the penetration of the female sex organ of
E.P.L., a child younger than fourteen years of age, by his finger.  See Tex.
Pen. Code Ann. ' 22.021(a)(1)(B)(i),
(a)(2)(B) (Vernon 2006).  Seven witnesses
testified at trial,[2]
and six of them corroborated E.P.L.=s
allegations that Peters sexually assaulted her. 
Only the testimony of Peters=s
live-in girlfriend, Cassandra Davis, supported Peters=s
contention that he was not guilty. 

E.P.L. testified that when she was first
questioned about the incident, she stated that nothing had happened, but
actually Peters had penetrated her vagina with his fingers and had threatened
her not to tell anyone what happened.  Araceli Demarias, the nurse that examined
E.P.L. at Cook Children=s Hospital, testified that
E.P.L. told her that Peters had his fingers in her vagina but that the exam was
normal.  Demarias further testified,
however, that the exam took place two weeks following the assault and that the
results could be equally consistent with penetration that had occurred in the
past.  R.D. also testified and said that
he saw Peters, partially undressed, lying on the couch with E.P.L. on the night
of the alleged sexual assault.  








Davis testified that Peters was not present in
the area of the house where the alleged assault occurred during the night.  She testified that for a brief time, Peters
was outside the house checking on the dog while she was checking on the kids,
but that the rest of the night he was asleep in their bed.  Davis also testified that when she and Peters
went downstairs to check on the dog and kids, Peters was not in her sight for
approximately twenty to thirty minutes.  
  Within his sufficiency points,
Peters also complains of E.P.L.=s
credibility and demeanor, and claims that R.D.=s
testimony was inconsistent with R.D.=s
previous statements.  But we must defer
to the jury=s determination of the weight to
be given contradictory testimonial evidence because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.








Viewing all the evidence in the light most
favorable to the guilty verdict, we hold that a rational trier of fact could
have found the essential elements of aggravated sexual assault of a minor
beyond a reasonable doubt.  See Tear
v. State, 74 S.W.3d 555, 560 (Tex. App.CDallas
2002, pet. ref=d) (holding that the testimony
of the victim alone may provide sufficient evidence to support an aggravated
sexual assault conviction), cert. denied 538 U.S. 963 (2003).  Thus, the evidence was legally sufficient to
support the jury=s guilty verdict.

Viewing all the evidence in a neutral light,
favoring neither party, we hold that the evidence presented was not so weak
that the jury=s verdict was clearly wrong or
manifestly unjust, and that the conflicting evidence does not so greatly
outweigh the evidence supporting the jury=s
verdict as to render the verdict manifestly unjust.  See Watson, 204 S.W.3d at 414-15, 417;
Johnson, 23 S.W.3d at 11.  Thus,
the evidence was also factually sufficient to support the jury=s
verdict.  We therefore overrule Peters=s first
and second points.    

IV. Ineffective
Assistance of Counsel

In his third point, Peters contends that his
trial counsel was ineffective at the guilt-innocence and punishment phases of
his trial.  Peters complains of three
acts at the guilt-innocence phase and three acts at the punishment phase. 

A. Standard of Review








To establish ineffective assistance of counsel,
Peters must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999);  Hernandez v.
State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813-14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  If counsel=s
reasons for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been grounded in legitimate trial
strategy, we will defer to counsel=s
decisions and deny relief on an ineffective assistance claim on direct
appeal.  See Garza v. State, 213
S.W.3d 338, 348 (Tex. Crim. App. 2007); Ortiz v. State, 93 S.W.3d 79, 88‑89
(Tex. Crim. App. 2002), cert. denied 538 U.S. 998 (2003).  

B. Effective Assistance of Counsel 

1. 
Guilt-Innocence

In the first of his three complaints regarding trial counsel=s performance at the
guilt-innocence phase, Peters contends that trial counsel should have filed a
motion for a continuance because trial counsel was under the influence of
prescription drugs.  After thoroughly
reviewing the entire record, we find nothing indicating that Peters=s trial counsel was under the
influence of prescription drugs. 













Peters next contends that trial counsel should have lodged rule
403 objections to photo exhibits 1, 2, 3, and 10, which were admitted during
the guilt-innocence phase.[3]  The record reflects that
Peters=s trial counsel objected to the admission of photo exhibits 1, 2,
3, and 10 on relevance grounds.  Prior to
making these objections, Peters=s trial counsel requested and received permission from the trial
judge to voir dire the witness concerning his personal knowledge of when the
pictures were taken, who took the pictures, and the matters depicted in the
pictures.  The trial court overruled
Peters=s counsel=s relevancy objections and admitted the photographs.  The record is undeveloped and does not
reflect Peters=s trial counsel=s reasons for, or motives behind, his decision to not lodge rule
403 objections.  Without more, we must
defer to trial counsel=s decisions and deny relief. 
See Garza, 213 S.W.3d at 348. 
Peters=s final allegation is that his trial counsel was ineffective at
the guilt-innocence phase because he failed to make rule 403 objections to
exhibits 7, 8, and 9.[4]  The record demonstrates, however,  that a hearing did take place outside the
presence of the jury regarding these exhibits and that Peters=s trial counsel did object to the admission of these exhibits
based on their lack of probative value and relevance.  The trial court did perform a balancing test,
weighing the probative value of the exhibits against the risk of unfair
prejudice, and found that the probative value of State=s exhibits 7, 8, and 9 substantially outweighed the risk of unfair
prejudice to Peters and admitted the exhibits.[5] Thus,
the record reflects that, in fact, Peters=s trial counsel did obtain a rule 403 balancing ruling from the
trial court even if his objections to exhibits 7, 8, and 9 did not specifically
mention rule 403.  Thus, we cannot hold
that Peters=s trial counsel was ineffective on this basis.

2. Punishment Phase








Peters alleges that his trial counsel
was ineffective during the punishment phase for three reasons.  First, Peters complains of the testimony of
the State=s witness, N.P.  N.P.
testified that when she was fifteen years old, she engaged in sexual acts with
Peters and his girlfriend Cassandra Davis. 
Next, Peters complains of the testimony of another witness for the
State, Carey Johnson. Johnson testified that he made bond for Peters on the
charges that arose from Peters=s involvement with N.P. 
Nothing other than Peters=s general disagreement with the substance of the witnesses= testimony can be surmised from Peters=s arguments.  Peters does
not complain that his trial counsel mishandled these witnesses or criticize his
counsel=s conduct related to these witnesses= testimony.  Therefore, this
allegation of ineffectiveness is not firmly founded in the record before
us.  We overrule the portion of his third
point addressing these first two events. 








Lastly, Peters complains that his
trial counsel brought forth no evidence regarding his eligibility for
probation.  Trial counsel did argue that
twenty years= confinement would be an appropriate punishment because counsel
assumed that the State=s comparison between selecting a defense-urged punishment of
probation and a State-urged punishment of life would cause the jury to assess a
life sentence.  Peters contends that his
trial counsel=s assumption fell below any reasonable standard of professional
conduct.  But we indulge a strong
presumption that Peters=s trial counsel=s conduct fell within a wide range of reasonable
representation.  See Salinas, 163
S.W.3d at 740.  The decision not to
submit evidence of probation eligibility was a part of trial counsel=s strategy, and as such, falls within a reasonable standard of
professional conduct.  See Mercado v.
State, 615 S.W.2d 225, 225 (Tex. Crim. App. 1981) (stating that trial
counsel=s failure to file a motion for probation did not amount to
ineffective assistance of counsel). 
Moreover, the State stipulated as to Peters=s eligibility for probation, this stipulation was accepted by the
trial court, and the trial court=s charge on punishment instructed the jury that they could
recommend community supervision if they assessed punishment at confinement of
not more than ten years. 

Looking at the totality of the
circumstances and applying controlling case law, we hold that Peters has not
shown, by a preponderance of the evidence, that trial counsel=s performance fell below the standard of prevailing professional
norms at either the guilt-innocence or penalty phases of Peters=s trial.  See Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. 
Because trial counsel=s performance did not fall below an objective standard, we do not
reach the second prong of the Strickland test.  We therefore overrule Peters=s third point.

V. 
Conclusion 

Having overruled Peters=s three points, we affirm the trial court=s judgment.           

 

SUE WALKER

JUSTICE

 

PANEL F:
HOLMAN, GARDNER, and WALKER, JJ.

 

DO NOT
PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 5, 2007











[1]See Tex. R. App. P. 47.4.





[2]Of those seven witnesses,
six of them were people who attended the weekend parties at Peters=s home; four of them were
minors, including Peters=s son, R.D., and the
victim, E.P.L.; and two of them were adults, one of whom was Peters=s live-in girlfriend,
Cassandra Davis.





[3]Exhibit 1 is a picture of
Peters and E.L.D.  Exhibit 2 is a picture
of Peters and Cassandra Davis.  Exhibit 3
is a picture showing Peters dressed in some type of costume standing next to E.L.D.
and R.D.  Exhibit 10 is a picture of
Peters=s son posing with a
female minor who was bound at the wrists by a rope hanging from a ceiling fan. 





[4]Exhibit 7 is a sex swing
from Peters=s bedroom, which Peters
showed to E.P.L.  Exhibit 8 is an apron
with a towel that raises to reveal a fake penis, which Peters showed to
E.P.L.  Exhibit 9 is a sex toy, which
Peters showed to E.P.L. 





[5]Peters briefly alleges
that the trial court erred by admitting State=s exhibits 7, 8, and
9.  However, he provides no argument or
authority to support the allegation. We therefore overrule such allegation as
inadequately briefed.  See Tex. R. App. P. 38.1(h); Tong v.
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053 (2001).