COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-139-CR

REGINALD DALE PETERS APPELLANT

V.

THE STATE OF TEXAS       STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

I.
 Introduction

Appellant Reginald Dale Peters appeals his conviction by a jury for the offense of aggravated sexual assault of a child younger than fourteen years of age.  In three points, Peters argues that the evidence produced at trial was both legally and factually insufficient to support his conviction and that he received ineffective assistance of counsel at both the guilt-innocence and punishment stages of trial.  Because we hold that there was legally and factually sufficient evidence to support Peters’s conviction and that the record does not reflect that Peters’s trial counsel provided him with inadequate representation, we will affirm.

I
I. 
Factual and Procedural Background

In the spring of 2004, Peters and his live-in girlfriend, Cassandra Davis, hosted weekend-long parties for Peters’s sixteen-year-old son, R.D., and R.D.’s friends.  During these parties, R.D.’s friends would often spend the entire weekend at Peters’s house.  Alcohol, marijuana, and methamphetamines were readily available at the parties.  

On May 2, 2004, Peters hosted one of these parties.  Some of R.D.’s friends attending this party were as young as thirteen years of age.  E.P.L., a thirteen-year-old girl, was one of R.D.’s friends who was present at this party.  After becoming intoxicated on liquor present in the home that night, E.P.L. passed out on a couch downstairs.  Sometime thereafter, R.D. saw his father, Peters, lying on the couch next to E.P.L. and noticed that when Peters stood up, his belt buckle, top button, and half of his zipper were undone.  

R.D. reported the incident to authorities.  When first  questioned, E.P.L. stated that nothing had happened.  Upon further inquiry, however, E.P.L admitted that Peters had penetrated her vagina with his fingers.  As a result, the State charged, and the grand jury indicted, Peters for aggravated sexual assault of a child younger than fourteen years of age.  After a jury trial, the jury found Peters guilty of the charged offense and the trial court sentenced him to life in prison.  This appeal followed.

I
II.  
Legal and Factual Sufficiency

In his first and second points, Peters argues that the evidence produced at trial was legally and factually insufficient to support his conviction for aggravated sexual assault of a child because no rational trier of fact could have found guilt beyond a reasonable doubt.  

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the 
verdict.  
Watson
, 204 S.W.3d at 417.
 

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

B. Sufficient Evidence to Prove Aggravated Sexual Assault of a    Child Younger than Fourteen Years of Age

The State was required to prove that Peters knowingly or intentionally caused the penetration of the female sex organ of E.P.L., a child younger than fourteen years of age, by his finger.  
See
 
Tex. Pen. Code Ann.
 § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon 2006).
  
Seven witnesses testified at trial,
(footnote: 2) 
and six of them corroborated E.P.L.’s allegations that Peters sexually assaulted her.  Only the testimony of Peters’s live-in girlfriend, Cassandra Davis, supported Peters’s contention that he was not guilty. 

E.P.L. testified that when she was first questioned about the incident, she stated that nothing had happened, but actually Peters had penetrated her vagina with his fingers and had threatened her not to tell anyone what happened.  Araceli Demarias, the nurse that examined E.P.L. at Cook Children’s Hospital, testified that E.P.L. told her that Peters had his fingers in her vagina but that the exam was normal.  
Demarias further testified, however, that the exam took place two weeks following the assault and that the results could be equally consistent with penetration that had occurred in the past.  
R.D. also testified and said that he saw Peters, partially undressed, lying on the couch with E.P.L. on the night of the alleged sexual assault.  

Davis testified that Peters was not present in the area of the house where the alleged assault occurred during the night.  She testified that for a brief time, Peters was outside the house checking on the dog while she was checking on the kids, but that the rest of the night he was asleep in their bed.  Davis also testified that when she and Peters went downstairs to check on the dog and kids, Peters was not in her sight for approximately twenty to thirty minutes.    Within his sufficiency points, Peters also complains of E.P.L.’s credibility and demeanor, and claims that R.D.’s testimony was inconsistent with R.D.’s previous statements.  
But we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

Viewing all the evidence in the light most favorable to the guilty verdict, we hold that a rational trier of fact could have found the essential elements of aggravated sexual assault of a minor beyond a reasonable doubt.  
See Tear v. State
, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d) (holding that the testimony of the victim alone may provide sufficient evidence to support an aggravated sexual assault conviction), 
cert. denied 
538 U.S. 963 (2003).  Thus, the evidence was legally sufficient to support the jury’s guilty verdict.

Viewing all the evidence in a neutral light, favoring neither party, we hold that 
the evidence presented was not so weak that the jury’s verdict was clearly wrong or manifestly unjust, and that the conflicting evidence does not so greatly outweigh the evidence supporting the jury’s verdict as to render the verdict manifestly unjust.  
See Watson
, 204 S.W.3d at 414-15, 417; 
Johnson
, 23 S.W.3d at 11. 
 
Thus, the evidence was also factually sufficient to support the jury’s verdict.  We therefore overrule Peters’s first and second points.    

IV. 
Ineffective Assistance of Counsel

In his third point, Peters contends that his trial counsel was ineffective at the guilt-innocence and punishment phases of his trial.  Peters complains of three acts at the guilt-innocence phase and three acts at the punishment phase. 

A. Standard of Review

To establish ineffective assistance of counsel, Peters must show by a preponderance of the evidence that 
his 
counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);  
Hernandez v. State
, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
 (quoting 
Thompson
, 9 S.W.3d at 813).  If counsel’s reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel’s decisions and deny relief on an ineffective assistance claim on direct appeal.  
See Garza v. State
, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); 
Ortiz v. State
, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002), 
cert. denied
 538 U.S. 998 (2003).
 
 

B. Effective Assistance of Counsel 

1.  Guilt-Innocence

In the first of his three complaints regarding trial counsel’s performance at the guilt-innocence phase, Peters contends that trial counsel should have filed a motion for a continuance because trial counsel was under the influence of prescription drugs.  After thoroughly reviewing the entire record, we find nothing indicating that Peters’s trial counsel was under the influence of prescription drugs.
 

Peters next contends that trial counsel should have lodged rule 403 objections to photo exhibits 1, 2, 3, and 10, which were admitted during the guilt-innocence phase.
(footnote: 3)  The record reflects that Peters’s trial counsel objected to the admission of photo 
exhibits 1, 2, 3, and 10 on relevance grounds.  Prior to making these objections, Peters’s trial counsel 
requested and received permission from the trial judge to voir dire the witness concerning his personal knowledge of when the pictures were taken, who took the pictures, and the matters depicted in the pictures.  The trial court overruled Peters’s counsel’s relevancy objections and admitted the photographs. 
 The record is undeveloped and does not reflect Peters’s trial counsel’s reasons for, or motives behind, his decision to not lodge rule 403 objections.  Without more, we must defer to trial counsel’s decisions and deny relief.  
See Garza
, 213 S.W.3d at 348.  
Peters’s final allegation is that his trial counsel was ineffective at the guilt-innocence phase because he failed to make rule 403 objections to exhibits 7, 8, and 9.
(footnote: 4)  The record demonstrates, however,  that a hearing did take place outside the presence of the jury regarding these exhibits and that Peters’s trial counsel did object to the admission of these exhibits based on their lack of probative value and relevance.  The trial court did perform a balancing test, weighing the probative value of the exhibits against the risk of unfair prejudice, and found that the probative value of State’s exhibits 7, 8, and 9 substantially outweighed the risk of unfair prejudice to Peters and admitted the exhibits.
(footnote: 5) 
Thus, the record reflects that, in fact, Peters’s trial counsel did obtain a rule 403 balancing ruling from the trial court even if his objections to exhibits 7, 8, and 9 did not specifically mention rule 403.  Thus, we cannot hold that Peters’s trial counsel was ineffective on this basis.

2. Punishment Phase

Peters alleges that his trial counsel was ineffective during the punishment phase for three reasons.  First, Peters complains of the testimony of the State’s witness, N.P.  
N.P. testified that when she was fifteen years old, she engaged in sexual acts with Peters and his girlfriend Cassandra Davis.  
Next, Peters complains of the testimony of another witness for the State, Carey Johnson. 
Johnson testified that he made bond for Peters on the charges that arose from Peters’s involvement with N.P.  Nothing other than Peters’s general disagreement with the substance of the witnesses’ testimony can be surmised from Peters’s arguments.  Peters does not complain that his trial counsel mishandled these witnesses or criticize his counsel’s conduct 
related to these witnesses’ testimony.  Therefore, this allegation of ineffectiveness is not firmly founded in the record before us.  We overrule the portion of his third point addressing these first two events. 

Lastly, Peters complains that his trial counsel brought forth no evidence regarding his eligibility for probation.  Trial counsel did argue that twenty years’ confinement would be an appropriate punishment because counsel assumed that the State’s comparison between selecting a defense-urged punishment of probation and a State-urged punishment of life would cause the jury to assess a life sentence.  Peters contends that his trial counsel’s assumption fell below any reasonable standard of professional conduct.  But we indulge a strong presumption that Peters’s trial counsel’s conduct fell within a wide range of reasonable representation.  
See Salinas
, 163 S.W.3d at 740.  The decision not to submit evidence of probation eligibility was a part of trial counsel’s strategy, and as such, falls within a reasonable standard of professional conduct.  
See Mercado v. State
, 615 S.W.2d 225, 225 (Tex. Crim. App. 1981) (stating that trial counsel’s failure to file a motion for probation did not amount to ineffective assistance of counsel).  Moreover, the State stipulated as to Peters’s eligibility for probation, this stipulation was accepted by the trial court, and the trial court’s charge on punishment instructed the jury that they could recommend community supervision if they assessed punishment at confinement of not more than ten years. 

Looking at the totality of the circumstances and applying controlling case law, we hold that Peters has not shown, by a preponderance of the evidence, that trial counsel’s performance fell below the standard of prevailing professional norms at either the guilt-innocence or penalty phases of Peters’s trial.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  
Because trial counsel’s performance did not fall below an objective standard, we do not reach the second prong of the 
Strickland
 test.  We therefore overrule Peters’s third point.

V.  
Conclusion
 

Having overruled Peters’s three points, we affirm the trial court’s judgment.       
 

SUE WALKER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Of those seven witnesses, six of them were people who attended the weekend parties at Peters’s home; four of them were minors, including Peters’s son, R.D., and the victim, E.P.L.; and two of them were adults, one of whom was Peters’s live-in girlfriend, Cassandra Davis.

3:
Exhibit 1 is a picture of Peters and E.L.D.  Exhibit 2 is a picture of Peters and Cassandra Davis.  Exhibit 3 is a picture showing Peters dressed in some type of costume standing next to E.L.D. and R.D.  Exhibit 10 is a picture of Peters’s son posing with a female minor who was bound at the wrists by a rope hanging from a ceiling fan. 

4:
Exhibit 7 is a sex swing from Peters’s bedroom, which Peters showed to E.P.L.  Exhibit 8 is an apron with a towel that raises to reveal a fake penis, which Peters showed to E.P.L.  Exhibit 9 is a sex toy, which Peters showed to E.P.L. 

5:
Peters briefly alleges that the trial court erred by admitting State’s exhibits 7, 8, and 9.  However, he provides no argument or authority to support the allegation. We therefore overrule such allegation as inadequately briefed.  
See
 
Tex. R. App. P
. 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001).