In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00972-CR

____________


THAIRIN ARNELL WALKER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court 

Galveston County, Texas

Trial Court Cause No. 05CR3241




 

MEMORANDUM OPINION


 Appellant, Thairin Arnell Walker, appeals from a judgment sentencing him
to 25 years' confinement for possession of a controlled substance, codeine, of an
aggregate weight, including adulterants or dilutants, of 400 grams or more. See
Tex. Health & Safety Code Ann. §§ 481.104(4), 481.117(e) (Vernon 2003). 
Appellant pleaded not guilty; the jury found him guilty and determined his
sentence. In his sole issue, appellant asserts that his trial counsel rendered
ineffective assistance by failing to object to evidence that appellant admitted that
the codeine in the car was his. We affirm. 

Background On October 14, 2005, appellant was driving a car belonging to his
passenger, Brittany Miller. Officer Stewart of the Galveston Police Department
observed an expired inspection sticker and a defective taillight on the car. After
pulling the car over, Officer Stewart approached the driver's side of the car and
smelled marijuana coming from inside. Officer Stewart saw a cigar laced with a
purple liquid in the ashtray and a Styrofoam cup containing purple liquid in the cup
holder of the center console. 

 Officer Stewart asked appellant for proof of financial responsibility, but
appellant was unable to provide it. Officer Stewart asked appellant to get out of
the car, and, as appellant complied, Officer Stewart observed that appellant's eyes
were bloodshot and glassy and his speech was slurred. Because of appellant's
physical condition and the strong odor of marijuana, Officer Stewart suspected that
appellant was intoxicated. When appellant got out of the car, Officer Stewart also
noticed a clear baby bottle with a small amount of purple liquid residue and a soda
bottle containing purple liquid on the driver's seat.

 Officer Stewart placed appellant in the back seat of the patrol car. Returning
to the car, Officer Stewart asked Miller to identify herself. He asked her to get out
of the car and detained her for further investigation. Officer Stewart collected the
cigar, the cup, the baby bottle, and the soda bottle. Officer Stewart noticed that the
purple liquid emitted a strong odor of codeine.

 Officer Stewart returned to the patrol car and read appellant his Miranda
warnings. (1) Officer Stewart asked appellant if the codeine was his or Miller's, to
which appellant replied, "It's all mine, Stewart." Officer Stewart handcuffed and
arrested appellant, who was transported to the Galveston city jail.

 At trial, appellant testified that he was unaware that the codeine was in the
car and that Officer Stewart never asked him if the codeine belonged to him. 
Appellant denied making the statement admitting ownership of the codeine. Ineffective Assistance of Trial Counsel

 In his sole issue, appellant contends that he received ineffective assistance of
counsel because his trial counsel failed to object to the admission of his statement
"It's all mine, Stewart." Appellant contends that the oral, custodial statement was
inadmissible under the Code of Criminal Procedure governing admissibility of
custodial statements. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).

 In evaluating contentions of ineffective assistance of counsel, we review the
totality of the representation. Wright v. State, 223 S.W.3d 36, 42 (Tex.
App.--Houston [1st Dist.] 2006, pet. ref'd). To prevail on a claim of ineffective
assistance of trial counsel, the defendant must objectively show that (1) trial
counsel's performance was deficient and (2) a reasonable probability exists that the
result of the proceeding would have been different. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland test
requires the defendant to show that counsel's performance fell below an objective
standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). Thus, the defendant must prove objectively, by a preponderance of
the evidence, that trial counsel's representation fell below professional standards. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The second prong
requires the defendant to show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812. The
"benchmark" for evaluating a challenge of ineffective assistance of counsel is
whether counsel's conduct "so undermined the proper functioning of the
adversarial process" that one cannot rely on the trial "as having produced a just
result." See Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). 
Only in that relatively rare instance may the defendant obtain a new trial on the
grounds that his attorney provided constitutionally deficient assistance. Id. at 354. 
The constitutional right to counsel ensures the right to reasonably effective
counsel, not "'errorless counsel whose competency or accuracy of representation is
. . . judged by hindsight.'" Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim.
App. 1981). 

 The reviewing court must, however, indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance,
and the defendant must overcome the presumption that, under the circumstances,
the challenged action "might be considered sound trial strategy." Strickland, 466
U.S. at 689, 104 S. Ct. at 2065. This rule even extends to situations in which the
appellate court may "have trouble understanding why" trial counsel may have
acted as he did before the trial court. Ex parte Varelas, 45 S.W.3d 627, 632 (Tex.
Crim. App. 2001). A Strickland challenge must, therefore, be "firmly founded" in
a record that "affirmatively demonstrate[s]" the meritorious nature of the claim. 
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When
counsel's reasons for failing to do what the defendant contends should have been
done do not appear in the record--as, for example, when trial counsel has not been
afforded an opportunity to explain his actions--we should not find deficient
performance unless the challenged conduct was "so outrageous that no competent
attorney would have engaged in it." Id. Unless contentions of ineffective
assistance are clearly demonstrated of record, therefore, we normally will not
speculate to find trial counsel ineffective when the record is silent on his reasoning
or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.--Houston
[1st Dist.] 2000, pet. ref'd); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). 

 Under normal circumstances, the record on direct appeal will not be
sufficient to demonstrate that counsel's representation was so deficient and so
lacking in tactical or strategic decision-making as to overcome the presumption
that counsel's conduct was reasonable and professional. See Thompson, 9 S.W.3d
at 813-14. When the record on direct appeal is sufficient to prove that counsel's
performance was deficient, however, an appellate court "should obviously address
the claim . . . ." Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
 An oral, custodial statement is not admissible unless there is strict
compliance with the requirements of article 38.22. Tex. Code Crim. Proc. Ann.
art. 38.22 § 3(e); see Woods v. State, 152 S.W.3d 105, 116 (Tex. Crim. App. 2004). 
However, a statement taken in violation of article 38.22 may still be admitted for
other purposes, such as to impeach the credibility of the defendant. Tex. Code
Crim. Proc. Ann. art. 38.22 § 5; see Badall v. State, 216 S.W.3d 865, 870 (Tex.
App.--Beaumont 2007, pet. ref'd). Knowing that appellant intended to testify that
he did not make the statement admitting ownership of the codeine, his trial counsel
may have decided not to object to the admission of the statement during the State's
case-in-chief because he knew that the statement would likely later be introduced
in rebuttal as a prior inconsistent statement. See McKinny v. State, 76 S.W.3d 463,
473 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (noting, in context of
ineffective assistance claim, that "advocates must be free to choose not to make
[objections] even if they have a legal basis for doing so"). However, we do not
know if this was trial counsel's strategy because there was no motion for new trial. 

 There is at least one other reason that trial counsel may have opted not to
object. As the State contends in its brief, appellant's trial counsel could reasonably
have chosen not to object to Officer Stewart's testimony on the basis of article
38.22 because she could have "researched the issue and come to the reasonable
conclusion that her efforts would be wasted on this issue." This is so, asserts the
State, because appellant was not in custody when he said, "It's all mine, Stewart,"
and article 38.22 only applies to statements "made as a result of custodial
interrogation." See Tex. Code Crim. Proc. Ann. art. 38.22 § 3(a); Woods, 152
S.W.3d at 116. During an investigative detention, a law enforcement officer "may
use such reasonable force as is necessary to effect the goal of the stop:
investigation, maintenance of the status quo, or officer safety." Balentine v. State,
71 S.W.3d 763, 771 (Tex. Crim. App. 2002). In Balentine, the court held that
Balentine was not in custody when he was handcuffed and placed in a patrol car
because those actions were reasonably necessary to ensure the officer's safety. Id. 
Here, Officer Stewart did not handcuff appellant but placed appellant in the back of
the patrol car while he spoke with Miller, the passenger in the vehicle, and
performed a brief investigation of the suspicious containers in the vehicle. Further,
at trial, both appellant and Officer Stewart testified that appellant was not under
arrest at the time that appellant made the statement. Therefore, we cannot conclude
that trial counsel could not have employed reasonable trial strategy in declining to
object to the statement. Again, we do not know if this was trial counsel's strategy
because there was no motion for new trial.

 The record is silent concerning appellant's trial counsel's reason for not
objecting to the admission of appellant's statement on grounds that it did not
comply with article 38.22. Because the record is silent regarding trial counsel's
reasoning for not objecting to the introduction of appellant's statement to Officer
Stewart, we may not speculate to find counsel's performance deficient. See Perez
v. State, 56 S.W.3d 727, 731-32 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd) (overruling ineffective assistance claim where trial counsel failed to object
on grounds that statement did not comply with article 38.22 but record was silent
concerning reason for counsel's action); see also Henderson, 29 S.W.3d at 624;
Gamble, 916 S.W.2d at 93 (holding that reviewing court may not speculate on
reasons for trial counsel's actions in ineffective assistance of counsel claims). We
overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.






 Elsa Alcala


 Justice


Panel consists of Justices Taft, Keyes, and Alcala.


Do not publish. See Tex. R. App. P. 47.2(b).
1. See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).