83,377-01

Eugene Hart #541604
MI. Unit 2664 FM 2054
Tennessee Colony TX.75886

COURT OF CRIMINAL APPEALS
P.O. BOX 12308 Capitol Station
Austin Texas 78711

Re: Parte Eugene Hart Trial Court cause NO.509703-A Post Conviction Writ Application
Article 11.07 TCCP Proceedings In The 209th District Court of Harris County Texas
and a Application of a writ of Mandamus that was filed in the Court of Criminal appeals
Writ NO. WR-83,377-41

Dear Clerk,

I am submitting this letter to you about my 11.07 that I filed back in 10-8-2012
with the 209th District Court of Harris County, I am sending you a copy of the respond
that I recieved from the court.
The Court of Criminal Appeals Order the District Court 30 days to respond to the Writ
of Mandamus that was filed with the Court of Criminal Appeals.

At this time I don't know what the District Court has done or have they ask for
more time in this matter. If not? I am asking The Honorable Court to move foreward
in this legal matter or what do I have to do next.

Your very kind assistance in regards to this matter will graetly be appreciated.

Sincerely

SIGNED _Eugene Hart_
EUGENE HART #541604
Mi. Unit 2664 FM 2054
Tennessee Colony TX.75886

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**AUG 3 1 2015**

**Abel Acosta, Clerk**

Page 1. of 1.



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

February 26, 2013

EUGENE HART
#541604 - MICHAEL-UNIT
2664 FM 2054
TENNESSEE COLONY, TX 75886

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 509703-A (cts. 1 & 2) in the 209th District Court.

☐ State's Original Answer Filed

☐ Affidavit ,

☐ Court Order Dated ,

☒ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

Enclosure(s) –



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK



February 14, 2013

EUGENE HART
#541604 - MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY, TX 75886

RE: CAUSE #509703-A (cts. 1 & 2)
209th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 10-8-12. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3(c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

| CAUSE NO. | PETITION FOR WRIT OF HABEAS CORPUS | DISPOSITION |
| --- | --- | --- |

**All** future correspondence should indicate the above listed cause number.

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

CC: District Attorney
    Judge, Presiding Court



Cause No. 509703-A

EX PARTE

§   IN THE 209TH DISTRICT COURT

§   OF

EUGENE HART,
Applicant

§   HARRIS COUNTY, TEXAS

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE art. 11.07 § 3 (West 2011), and would show the following:

### I.

The applicant is confined pursuant to the judgment and sentence of the 209th District Court of Harris County, Texas, in cause number 509703 (the primary case), where the applicant was convicted pursuant to a guilty plea for the felony offense of murder—two counts. The State abandoned two (2) paragraphs in the indictment, and agreed to not having a finding of deadly weapon entered. The court assessed punishment at life confinement in the Texas Department of Criminal Justice – Institutional Division (TDCJ—ID), formerly the Texas Department of Corrections (TDC).

### II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

## NO. 509703-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 209TH DISTRICT COURT |
| | § | OF |
| EUGENE HART,<br>Applicant | § | HARRIS COUNTY, T E X A S |

## THE STATE'S PROPOSED ORDER DESIGNATING ISSUE AND FOR FILING AFFIDAVIT

Having considered the application for writ of habeas corpus in the above-styled cause and the State's answer, the Court finds that the issue of whether the applicant was denied the effective assistance of counsel needs to be resolved in the instant proceeding.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

To assist the Court in resolving this factual issue, Mr. W.K. Goode, is ORDERED to file an affidavit under cause number 509703-A, summarizing the actions taken to represent the applicant in cause number 509703, responding to the allegations of involuntary plea and ineffective assistance of counsel contained in the instant application for writ of habeas corpus, and specifically responding to the following:

1. Please state whether counsel fully explained the plea admonishments to the applicant. If so, please discuss whether the applicant indicated to counsel that he had a clear understanding of the admonishments, the terms and consequences of the options presented to him, and whether he elected to proceed knowingly and voluntarily at each stage of the primary case. If not, please explain. (If counsel does not recall the specifics of the primary case, please state what counsel's usual practice is, and whether counsel has reason to believe that he deviated from such practice in the instant case.); and

2. Please discuss whether counsel threatened the applicant with a death sentence if the applicant did not plead guilty, or coerced the applicant to plead guilty in anyway. (If counsel does not recall the specifics of the primary case, please state what counsel's usual practice is, and whether counsel has reason to believe that he deviated from such practice in the instant case.).

1

## REPLY TO THE APPLICANT'S FIRST AND SECOND GROUNDS FOR RELIEF

The applicant appears to claim that this is a subsequent writ but should still be considered, and that the trial court and the lawyers conspired together to convict him. *See Writ Application* at 6, 7.

This is the applicant's first application for writ of habeas corpus, and not a subsequent writ as the applicant mistakenly believes. *See Writ Application.* Regarding the claim of conspiracy by the trial court with the prosecutor and the applicant's counsel, the applicant does not allege sufficient facts, which, if true, would grand him relief. *Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). The applicant refers to a memorandum of law in support of his grounds for relief. *See Writ Application* at 6-8. No memorandum, however, is attached to the application. The applicant offers no facts to support his assertions, making only conclusory allegations insufficient for habeas relief. *Ex parte Young,* 418 S.W.2d 824 (Tex. Crim. App. 1967); and *Ex parte Empey,* 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

In habeas proceedings, the applicant has the burden of proof and the standard is by a preponderance of the evidence. *Ex parte Adams,* 768 S.W.2d 281 (Tex. Crim. App. 1988). The applicant fails to carry this burden and the first and second grounds for relief must be denied.

## REPLY TO THE APPLICANT'S THIRD GROUND FOR RELIEF

The applicant alleges ineffective assistance of counsel. *See Writ Application* at 8. Specifically, the applicant appears to claim that counsel threatened him with a death sentence if he did not plead guilty, and thus rendered his plea involuntary. *See Id.*

The United States Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The court in *Strickland* set forth a two (2)-part standard, which has been adopted by Texas. *See Hernandez. v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Mitchell v. State*, 68 S.W. 3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington*, 466 U.S. at 688). Reasonably effective assistance of counsel does not require error-free counsel, or counsel whose competency is judged by hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). Second, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Article I, Section 10 of the Texas Constitution also requires that a criminal defendant receive effective assistance of counsel. However, the Texas constitutional provision does not create a standard that is more protective of a defendant's rights than that established in *Strickland. Black v. State*, 816 S.W.2d 350, 357 (Tex. Crim. App. 1991) (citing *Hernandez*, 726 S.W.2d, at 53). Therefore, an analysis of the effectiveness of the applicant's trial counsel in the primary case pursuant to the *Strickland* standard satisfies both the federal and state constitutional requirements. To prevail on a claim of ineffective assistance where the applicant pled guilty, the applicant must allege that but for the counsel's error, he or she would not have pled guilty and would have insisted

3

on going to trial. *Ex parte Akhtab*, 901 S.W.2d 488, 490 (Tex. Crim. App. 1995) (citing *Hill v. Lockhart*, 474 U. S. 52, 59 (1985)).

When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In reviewing counsel's performance, the court indulges a strong presumption that he acted within the wide range of reasonable professional assistance. *Strickland,* U.S. 466 at 689. Moreover, ineffective assistance of counsel cannot be established by separating out one portion of counsel's performance for examination. The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Bolden v. State*, 634 S.W.2d 710, 714 (Tex. Crim. App. 1982); *Ewing v. State*, 549 S.W.2d 392, 395 (Tex. Crim. App. 1977).

In addition, the court will not use hindsight to second-guess a tactical decision made by trial counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Unlike a later reviewing court, trial counsel observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 691). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Id.*(citing *Strickland*, 466 U.S. at 690).

4

Involuntary plea

The applicant seems to claim that his guilty plea was involuntary. *See Writ Application* at 8. A plea of guilty should not be accepted unless it appears that the plea is voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West 2011). A presumption of voluntariness is created in a plea if the defendant was admonished in accordance with the law, and then the burden of proving that a plea is involuntary shifts to the defendant. *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). The applicant pled guilty with an agreed punishment recommendation on February 22, 1990. *See State's Writ Exhibits A1 and A2, "Judgment on Plea of Guilty Before Court, Waiver of Jury Trial for count 1, cause number 509703", and "Judgment on Plea of Guilty Before Court, Waiver of Jury Trial for count 2, cause number 509703";* and *State's Writ Exhibit B "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession."* The trial court properly admonished the applicant in accordance with Article 26.13 of the Code of Criminal Procedure as reflected in the trial court's written admonishments, which the applicant signed. *State's Writ Exhibit C, "Admonitions".* These plea documents reflect that the applicant was properly admonished as to the range of punishment and that the applicant's trial counsel fully discussed the consequences of his plea with him. *See State's Writ Exhibits A1 and A2, State's Writ Exhibit B, and State's Writ Exhibit C.* Because the trial court properly admonished the applicant, there is a presumption that the applicant's guilty plea was voluntarily entered. *Mitschke,* 129 S.W. at 136.

In addition, the docket sheets in the primary case also indicate that the applicant was properly admonished by the court concerning the consequences of his plea. *See State's Writ Exhibit D, "General Orders of the Court".* When the records indicate that the applicant was admonished,

5

there is a *prima facie* showing of a knowing and voluntary plea. *Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex. Crim. App. 1980). The applicant has not overcome the presumption of regularity created by these trial court documents. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984).

The applicant does not overcome the presumption of voluntariness created by the trial court's written admonishments, and fails to establish facts necessary to prove that he pled guilty based upon coercion from any source. Therefore, the applicant does not show that his guilty plea was involuntary and the instant ground for relief is without merit and should be denied

Nonetheless, and without waiving the foregoing, the State believes that further factual investigation is necessary to determine the merits, if any, of the applicant's claim of involuntary plea.

### III.

The State respectfully requests that this Court designate the issue of whether the applicant was denied the effective assistance of counsel as the issue to be resolved in the instant writ. Additionally, the State respectfully requests that this Court order the applicant's trial counsel, Mr. W.K. Goode, to file an affidavit summarizing the actions taken to represent the applicant and responding to the allegations of ineffective assistance.

Mr. W.K. Goode is hereby ORDERED to file said affidavit with the Post Conviction Division of the District Clerk's Office, 1201 Franklin, Houston, Texas, 77002, with in THIRTY (30) DAYS, of the signing of this order.

The Clerk of the Court is ORDERED to send a copy of this order to the applicant, Mr. Eugene Hart, TDCJ # 541604, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886, AND a copy of this order to counsel for the State, Sharon Y. Chu, Assistant District Attorney, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, and to serve copies of this order, the application and the State's answer to:

> Mr. W.K. Goode
> Attorney at Law
> 46 Smith Lane
> Howard, CO 81233-9666

When the affidavit of Mr. Goode is received, the Clerk is ORDERED to send a copy of each of the said affidavits to the attorney of the applicant and a copy to the State.

The Clerk of the Court is ORDERED NOT to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating Issue and for Filing Affidavit in cause number 509703-A.**

Signed this _____ day of _____, 20____.

_____
PRESIDING JUDGE

2

**IV.**

Service has been accomplished by sending a copy of this instrument to the following address:

Mr. Eugene Hart
TDCJ # 541604
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

SIGNED this 19th day of February, 2013.

Respectfully submitted,

*Sharon Y. Chu*

Sharon Y. Chu
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin Street
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #24051950

7